THE BRANDI LAW FIRM
THOMAS J. BRANDI (CA Bar No. 53208)
BRIAN J. MALLOY (CA Bar No. 234882)
354 Pine Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 989-1800
Facsimile: (415) 707-2024
Email: tjb@brandilaw.com

HOBAN & FEOLA, LLC
DAVID C. FEOLA* (CO Bar No. 18789)
1626 Wazee Street, Suite 2A
Denver, Colorado 80202
Phone: 303-674-7000, Ext. 2
Facsimile: 303-382-4685
Email: David@Feolalaw.com

*E-filing*

*Pro hac vice application pending*

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NC

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN ZULEWSKI, JOHN DAVIS, ALEX LANGAN, NICHOLAS ESPOSITO, BRANDON TURNER, SHARRELL FISHER, JAY COOK, MARKESSA CARTER, RACHEL ECKROTH, CHRISTINA TYSON, SHANE HUEY, DOMINICK IPPOLITO on their own behalf and on behalf of all others similarly situated, | CV 11  5117  Case No.: <br><br> **COLLECTIVE AND CLASS ACTION** <br><br> **COMPLAINT FOR  DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION** |
| Plaintiffs, | |
| v. | **DEMAND FOR JURY TRIAL** |
| THE HERSHEY COMPANY, | |
| Defendant. | |

1

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

### INTRODUCTION

Plaintiffs Ryan Zulewski, John Davis, Alex Langan, Nicholas Esposito (together, "California Plaintiffs"), Brandon Turner, Sharrelle Fisher, Jay Cook, Markessa Carter, Rachel Eckroth, Christina Tyson, Shane Huey, and Dominick Ippolito (all together, "Plaintiffs") complain as follows against Defendant The Hershey Company ("Hershey") on their own behalf and on behalf of all others similarly situated.

### OVERVIEW

1.      Though Hershey's executives annually pocket tens of millions of dollars in compensation and benefits, Hershey has at the same time refused to honor its legal obligation to comply with federal and state overtime pay and other wage laws, systemically depriving hundreds of past and present workers of sorely needed compensation for any and all time they were demanded to work over forty hours per week.

2.      This action is therefore brought to obtain injunctive, declaratory and monetary relief arising from Hershey's massive, long-term violations of the Plaintiffs' and other Retail Sales Representatives' ("RSR") federally and state law protected right to receive compensation for hours worked in excess of forty (40) hours per week.

### PARTIES

3.      Ryan Zulewski is a former RSR employed by Hershey in the counties encompassing the Northern District of California, including the counties of Sonoma, Marin, and Lake, from October 2008 to August 2011.

4.      John Davis is a former RSR employed by Hershey in California from June 2005 to June 2011.

5.      Alex Langan is a former RSR employed by Hershey in California from September 2007 to March 2011.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

6.      Nicholas Esposito is a former RSR employed by Hershey in California from September 2007 to July 2011.

7.      Brandon Turner is a former RSR employed by Hershey from June 2006 to January 2011.

8.      Sharrelle Fisher is a former RSR employed by Hershey from September 2007 to April 2011.

9.      Jay Cook is a former RSR employed by Hershey from November 2007 to December 2009.

10.     Markessa Carter is a former RSR employed by Hershey from October 2006 to March 2011.

11.     Rachel Eckroth is a current RSR employed by Hershey from September 2007 to the present.

12.     Christina Tyson is a former RSR employed by Hershey from August 2008 to October 2010.

13.     Shane Huey is a former RSR employed by Hershey from August 2003 to August 2009.

14.     Dominick Ippolito is a former RSR employed by Hershey from November 2002 to April 2011.

15.     Hershey, a Delaware corporation with its principal place of business in Pennsylvania, is a multi-national producer of chocolate and non-chocolate confectionary products. Its operations include the manufacturing, marketing and sales of these products.

16.     Hershey is authorized to do business in California according to its California registrations, as well as, on information and belief, the balance of the United States. Plaintiffs are informed and believe, and accordingly allege, that defendant Hershey is and was at all relevant times herein, authorized to do, and had regularly, continually and systematically done business in the State of California, including the City and County of San Francisco.

17.     Those similarly situated are past and present Hershey RSRs who were subjected to an unlawful pattern, practice and scheme of past, present and ongoing violations of the state and federal wage and overtime laws.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

**JURISDICTION AND VENUE**

18.     The Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 over the Plaintiffs and putative collective action members' federal Fair Labor Standards Act ("FLSA") claims.

19.     The Court has diversity of citizenship subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) and pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), over the California Plaintiffs' state wage and overtime claims.  In addition, the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the California Plaintiffs' state law wage and hour claims.

20.     Venue is proper in this Court, as Plaintiff Ryan Zulewski resided and worked within the Court's jurisdictional bounds during the legal violations set forth here, and still resides therein, Hershey's violations of state and federal law occurred within the Court's jurisdictional bounds, and because all Plaintiffs have chosen this forum in which to litigate their claims.

**INTRADISTRICT ASSIGNMENT**

21.     This action is appropriately assigned in the San Francisco Division because plaintiff Ryan Zulewski at all relevant times herein resided in Sonoma County and, at all relevant times herein, covered sales territories for Hershey which included Sonoma, Marin, and Lake counties.  Moreover, Plaintiffs are informed and believe that defendant Hershey is and was at all relevant times herein, authorized to do, and had regularly, continually and systematically done business in the State of California, including the City and County of San Francisco.

**GENERAL ALLEGATIONS**

22.     In order to be exempt from California and federal overtime laws, "outside salespersons" must be primarily engaged in actually selling products or services.  If not, then they are entitled to time and a half for all time they work over forty hours per week.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

23.     In 2003 Hershey conducted a major restructuring of its domestic sales force, involving, among other things, a "realignment" of the sales force, in which the RSR position was created.  As part of this realignment the function of selling was centralized.

24.     Hershey also implemented in 2003 what was known as "Project Rex," in which Hershey developed a hand-held PDA ("Rex PDA") that it distributed to the RSRs.

25.     When rolled out, in 2004, the Rex PDA was regularly programmed to dictate to the RSRs what they were to do within each customer's place of business, from when they arrived to when they departed.

26.     Hershey also reduced the number of sales regions and generally increased the territories for each as part of the realignment.

27.     At the same time, Hershey mandated that its RSRs be physically present at the first customer by 7:00 a.m. and were to be at the last customer visit at the end of the business day, taking no account of all the travel time between.

28.     Hershey also made clear to the RSRs that it was no longer their job to sell Hershey products; instead, the sales plans between Hershey and the customers were negotiated by sales executives and managers.

29.     Hershey identified virtually every task that its RSRs were to perform, and these tasks nearly all fell within the general responsibility of what is known in the food and snack industry as "merchandising."

30.     Other than such rotation of merchandise, from 2004 on in-store the RSRs chiefly made sure that marketing and pricing materials were in place, updated and accurate.

31.     Once they returned to their home-based offices each work day or fortnight, the Hershey RSRs are required to download and transmit information and data to Hershey headquarters, engage in other tasks and reporting, and prepare for the following day.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

32.     Since 2004, the RSRs' primary duty involves a substantial amount of manual labor, is not directly related to the management or business operations of Hershey or its customers, and does not involve the exercise of discretion and independent judgment with respect to matters of significance.

33.     From 2004 through the present the California Plaintiffs and the other Hershey RSRs residing and working in California have spent a small fraction of their time, if any, performing selling or obtaining orders or contracts for Hershey products.

34.     From 2004 through the present the Plaintiffs and the other Hershey RSRs residing and working in the United States have not had as their primary duty making sales or obtaining contracts or orders.

35.     As of 2004 through the present, Hershey's RSR workers were and are glorified merchandisers.

36.     Hershey has classified Plaintiffs and all other similarly situated RSR workers as exempt from California and federal overtime compensation laws from 2004 through the present.

37.     Hershey has not paid Plaintiffs or any other similarly situated RSRs for any of the time they have worked more than forty hours per week from 2004 through the present.

38.     Hershey did not pay Plaintiffs or the similarly situated RSRs any overtime compensation for any of the time they spent traveling to, from and between customer visits from 2004 through the present.

39.     Hershey did not pay Plaintiffs or the similarly situated RSRs any overtime compensation for any of the time they spent performing at-home work from 2004 through the present.

40.     Hershey knew or should have known that the changes it made to the sales force positions in 2003 would require that these RSRs be classified as non-exempt under the California and federal overtime laws.

41.     Hershey knew or should have known that fundamentally reducing, if not completely eliminating, sales functions from the RSR position would require that these workers be classified as non-

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

exempt under California and federal overtime laws.

42.   Hershey knew and knows that the RSRs were and are working over forty hours per week.

43.   Further, several of the highest level executives at Hershey in 2003 and 2004 and since then, including the former President and CEO, Richard H. Lenny, and the former President and CEO, David West, were previously executives at Nabisco, Inc.

44.   In 1999, when Lenny and West were each at Nabisco, the United States Department of Labor, Employment Standards Administration (USDOL), brought an enforcement action against Nabisco, contending that Nabisco had misclassified over 3,000 sales representatives as exempt from the FLSA overtime provisions.

45.   The violations found by the USDOL related to Nabisco failing to pay the sales representatives overtime under the so-called "outside sales" exemption even though these sales representatives spent most of their time engaged in merchandising activity, as opposed to sales activity.

46.   Nabisco resolved the enforcement action by properly classifying the work, creating two positions (outside sales and merchandising), changing its rules, and paying $5,000,000 to the affected workers.

47.   Though actually aware of the difference between positions which are primarily engaged in merchandising versus sales, and the affect that these differences had on first-line field sales force workers, when these same executives oversaw the identified "realignment" changes at Hershey they appear to have taken no steps to ensure that, this time, the overtime rights of the Hershey RSRs were enforced.

48.   Instead, Hershey failed to reclassify them or pay them the overtime compensation they were and are owed.

49.   In addition, on April 7, 2008, a complaint was filed in the United States District Court for the Northern District of California, *Campanelli, et al. v. The Hershey Company*, Case No. 3:08-cv-01862-BZ ("*Campanelli* matter"), alleging virtually identical federal and state overtime violations as this instant

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

action. On February 23, 2011, the District Court in *Campanelli* granted the plaintiffs' motion for partial summary judgment and held that the RSRs were not exempt from the FLSA and California overtime requirements under either the "outside salesperson" or "administrative" exemptions. *Campanelli v. Hershey Co.*, 765 F.Supp.2d 1185 (N.D.Cal. 2011). Despite that lawsuit and the District Court's findings as a matter of law, Hershey continues to violate the FLSA and California law and continues to fail to pay the RSRs overtime for the many hours worked in excess of 40 per week.

50. Hershey's violations of the California and federal overtime laws relative to its RSRs are and were always knowing and willful.

51. The Plaintiffs and all those similarly situated have been severely damaged by Hershey's longstanding and ongoing violations of the California and federal overtime laws.

52. Beyond that Hershey's executives actually knew that the restructuring changes would necessarily leave Hershey RSRs as non-exempt merchandisers (while at the same time they made ever-increasing time demands), Hershey's management team dissembled to cover up and mislead the RSRs on their status.

53. As the increasing overtime demands from the restructuring became clear to the RSRs, there were complaints. In fact, most of the Plaintiffs reported to their chain of command that the restructured position and its demands were leading to ever-increasing hours traveling and at-home work. When a Plaintiff asked why they were not getting extra compensation for this extra time, Hershey's executives and management team did not tell the workers that they were actually entitled to overtime for all of these additional hours.

54. Hershey's executives and management team also did not post or otherwise advise its RSRs of the legal requirements of overtime through posting these requirements, or otherwise publish them to the RSRs.

55.     Field managers were aware of the workers' concerns about all the extra time required in the sales positions due to the restructuring.  When they reported these concerns up their chain of command they were falsely told that the RSRs were exempt and not entitled to overtime, and that they were to not pay any overtime to the RSRs.

56.     These efforts to cover up the fact that overtime was, in fact, owed to the RSRs, was designed to and had the affect of purposely lulling hundreds of workers owed overtime into inaction. Hershey therefore cannot be heard to complain that any of these deceived workers waiting too long to pursue their legal rights.

## INDIVIDUAL ALLEGATIONS

57.     Ryan Zulewski was employed by Hershey from October 2008 to August 2011.  For his entire time period at Hershey, Mr. Zulewski was required by Hershey to perform tasks that nearly all fell within the general responsibility of merchandising and he was not primarily engaged in actually selling products or services.

58.     For his entire time period at Hershey, Mr. Zulewski's primary duty involved a substantial amount of manual labor, was not directly related to the management or business operations of Hershey or its customers, and did not involve the exercise of discretion and independent judgment with respect to matters of significance.

59.     For his entire time period at Hershey, Mr. Zulewski worked for more than forty hours per week and was denied meals and rest periods.  Hershey never paid Mr. Zulewski any overtime compensation for any of the time he worked over forty hours per week.

60.     John Davis was employed by Hershey from June 2005 to June 2011.  For his entire time period at Hershey, Mr. Davis was required by Hershey to perform tasks that nearly all fell within the general responsibility of merchandising and he was not primarily engaged in actually selling products or services.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

61.     For his entire time period at Hershey, Mr. Davis' primary duty involved a substantial amount of manual labor, was not directly related to the management or business operations of Hershey or its customers, and did not involve the exercise of discretion and independent judgment with respect to matters of significance.

62.     For his entire time period at Hershey, Mr. Davis worked for more than forty hours per week and was denied meals and rest periods.  Hershey never paid Mr. Davis any overtime compensation for any of the time he worked over forty hours per week.

63.     Alex Langan was employed by Hershey from September 2007 to March 2011.  For his entire time period at Hershey, Mr. Langan was required by Hershey to perform tasks that nearly all fell within the general responsibility of merchandising and he was not primarily engaged in actually selling products or services.

64.     For his entire time period at Hershey, Mr. Langan's primary duty involved a substantial amount of manual labor, was not directly related to the management or business operations of Hershey or its customers, and did not involve the exercise of discretion and independent judgment with respect to matters of significance.

65.     For his entire time period at Hershey, Mr. Langan worked for more than forty hours per week and was denied meals and rest periods.  Hershey never paid Mr. Langan any overtime compensation for any of the time he worked over forty hours per week.

66.     Nicholas Esposito was employed by Hershey from September 2007 to July 2011.  For his entire time period at Hershey, Mr. Esposito was required by Hershey to perform tasks that nearly all fell within the general responsibility of merchandising and he was not primarily engaged in actually selling products or services.

67.     For his entire time period at Hershey, Mr. Esposito's primary duty involved a substantial amount of manual labor was not directly related to the management or business operations of Hershey or its

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

customers, and did not involve the exercise of discretion and independent judgment with respect to matters of significance.

68.     For his entire time period at Hershey, Mr. Esposito worked for more than forty hours per week and was denied meals and rest periods.  Hershey never paid Mr. Esposito any overtime compensation for any of the time he worked over forty hours per week.

69.     Brandon Turner was employed by Hershey from June 2006 to January 2011.  For his entire time period at Hershey, Mr. Turner was required by Hershey to perform tasks that nearly all fell within the general responsibility of merchandising and he was not primarily engaged in actually selling products or services and spent substantially less than half of his working time selling or obtaining orders or contracts for Hershey products.

70.     For his entire time period at Hershey, Mr. Turner's primary duty involved a substantial amount of manual labor and he was not directly related to the management or business operations of Hershey or its customers.

71.     For his entire time period at Hershey, Mr. Turner worked for more than forty hours per week.  Hershey never paid Mr. Turner any overtime compensation for any of the time he worked over forty hours per week.

72.     Sharrelle Fisher was employed by Hershey from September 2007 to April 2011.  For her entire time period at Hershey, Ms. Fisher was required by Hershey to perform tasks that nearly all fell within the general responsibility of merchandising and she was not primarily engaged in actually selling products or services.

73.     For her entire time period at Hershey, Ms. Fisher's primary duty involved a substantial amount of manual labor, was not directly related to the management or business operations of Hershey or its customers, and did not involve the exercise of discretion and independent judgment with respect to matters of significance.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

74. For her entire time period at Hershey, Ms. Fisher worked for more than forty hours per week. Hershey never paid Ms. Fisher any overtime compensation for any of the time he worked over forty hours per week.

75. Jay Cook was employed by Hershey from November 2007 to December 2009. For his entire time period at Hershey, Mr. Cook was required by Hershey to perform tasks that nearly all fell within the general responsibility of merchandising and he was not primarily engaged in actually selling products or services.

76. For his entire time period at Hershey, Mr. Cook's primary duty involved a substantial amount of manual labor, was not directly related to the management or business operations of Hershey or its customers, and did not involve the exercise of discretion and independent judgment with respect to matters of significance.

77. For his entire time period at Hershey, Mr. Cook worked for more than forty hours per week. Hershey never paid Mr. Cook any overtime compensation for any of the time he worked over forty hours per week.

78. Markessa Carter is a former RSR employed by Hershey from October 2006 to March 2011. For her entire time period at Hershey, Ms. Carter was required by Hershey to perform tasks that nearly all fell within the general responsibility of merchandising and she was not primarily engaged in actually selling products or services.

79. For her entire time period at Hershey, Ms. Carter's primary duty involved a substantial amount of manual labor, was not directly related to the management or business operations of Hershey or its customers, and did not involve the exercise of discretion and independent judgment with respect to matters of significance.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

80.     For her entire time period at Hershey, Ms. Carter worked for more than forty hours per week. Hershey never paid Ms. Carter any overtime compensation for any of the time she worked over forty hours per week.

81.     Rachel Eckroth is a current RSR employed by Hershey from September 2007 to the present. For her entire time period at Hershey, Ms. Eckroth was required by Hershey to perform tasks that nearly all fell within the general responsibility of merchandising and she was not primarily engaged in actually selling products or services.

82.     For her entire time period at Hershey, Ms. Eckroth's primary duty involved a substantial amount of manual labor, was not directly related to the management or business operations of Hershey or its customers, and did not involve the exercise of discretion and independent judgment with respect to matters of significance.

83.     For her entire time period at Hershey, Ms. Eckroth worked for more than forty hours per week. Hershey never paid Ms. Carter any overtime compensation for any of the time she worked over forty hours per week.

84.     Christina Tyson is a former RSR employed by Hershey from August 2008 to October 2010. For her entire time period at Hershey, Ms. Tyson was required by Hershey to perform tasks that nearly all fell within the general responsibility of merchandising and she was not primarily engaged in actually selling products or services.

85.     For her entire time period at Hershey, Ms. Tyson's primary duty involved a substantial amount of manual labor, was not directly related to the management or business operations of Hershey or its customers, and did not involve the exercise of discretion and independent judgment with respect to matters of significance.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

86.     For her entire time period at Hershey, Ms. Tyson worked for more than forty hours per week. Hershey never paid Ms. Tyson any overtime compensation for any of the time she worked over forty hours per week.

87.     Shane Huey was employed by Hershey from August 2003 to August 2009. From 2004 onward, Mr. Huey was required by Hershey to perform tasks that nearly all fell within the general responsibility of merchandising and he was not primarily engaged in actually selling products or services.

88.     From 2004 onward, Mr. Huey's primary duty involved a substantial amount of manual labor, was not directly related to the management or business operations of Hershey or its customers, and did not involve the exercise of discretion and independent judgment with respect to matters of significance.

89.     For his entire time period at Hershey, Mr. Huey worked for more than forty hours per week. Hershey never paid Mr. Huey any overtime compensation for any of the time he worked over forty hours per week.

90.     Dominick Ippolito was employed by Hershey from November 2002 to April 2011. From 2004 onward, Mr. Ippolito was required by Hershey to perform tasks that nearly all fell within the general responsibility of merchandising and he was not primarily engaged in actually selling products or services.

91.     From 2004 onward, Mr. Ippolito's primary duty involved a substantial amount of manual labor, was not directly related to the management or business operations of Hershey or its customers, and did not involve the exercise of discretion and independent judgment with respect to matters of significance.

92.     For his entire time period at Hershey, Mr. Ippolito worked for more than forty hours per week. Hershey never paid Mr. Ippolito any overtime compensation for any of the time he worked over forty hours per week.

## COLLECTIVE ACTION ALLEGATIONS

93.     Pursuant to 29 U.S.C. § 216(b), Plaintiffs bring this action on their own behalf, and on behalf of all others similarly situated.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

94.     Under the FLSA, an employee may bring a collective action in an individual capacity on behalf of other employees "similarly situated" based on an employer's failure to pay overtime wages.  29 U.S.C. § 216(b). To maintain a collective action under the FLSA, a plaintiff need only show that the putative collective action members are "similarly situated."

95.     Plaintiffs seek to represent a National Collective defined as all current and former RSRs within the limitations period throughout the United States who did not fully and completely resolve these claims in the *Campanelli* matter.

96.     Hershey's centralization of the sales function with the 2003 Realignment has resulted in remarkable similarity in all aspects of the RSR position:  job descriptions, job requirements, training, job duties, rigidly set day-to-day requirements, use of the Rex PDA, performance reviews, merchandising and pricing policies, compensation and benefit policies, and commonality as to when Hershey considers a sale of its products to occur.

97.     Accordingly, the Court should certify this action as a collective action pursuant to 29 U.S.C. § 216(b).

## CALIFORNIA CLASS ACTION ALLEGATIONS

98.     Pursuant to Federal Rule of Civil Procedure ("Rule") 23, the California Plaintiffs bring this action on their own behalf, and on behalf of all others similarly situated.  The California Class consists of all RSRs who worked for Hershey in California within the limitations period who did not fully and completely resolve these claims in the *Campanelli* matter.

99.     The California Plaintiffs meet the requirements of Rule 23(a).  First, the California Class is so numerous that the joinder of all members is impracticable.  The exact size of the California Class and the identity of the members will be readily ascertainable from the business records of defendants.

100.    There are a number of common questions of law, including:

    a.  Whether the RSRs are exempt under the outside salesperson exemption under California

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

law;

b.   Whether the RSRs are exempt under the administrative exemption under California law;

c.   Whether Hershey misclassified the RSRs as exempt under California law;

d.   Whether Hershey unlawfully deprived the RSRs of overtime compensation;

e.   Whether Hershey failed to timely pay the RSRs their wages under California law;

f.   Whether Hershey failed to provide for time allowances for meals and rest breaks;

g.   Whether Hershey's business practices were unlawful, unfair, or fraudulent in violation of California Business and Professions Code Section 17200; and

h.   Whether Hershey has represented to its salaried workforce that it will pay nonexempt employees overtime compensation at a rate of 1.5 times their regular rate of pay.

101.   The California Plaintiffs' claims are also typical of the class members claims as they are reasonably co-extensive with those of absent class members.

102.   The California Plaintiffs are also adequate class representatives as that they do not have conflicts of interest with the proposed class and that they are represented by qualified counsel.

103.   The California Plaintiffs also Plaintiffs have also satisfied the requirements of Rule 23(b)(3).

104.   It is clear that questions of fact common to the class predominate.  The RSRs are substantially similar in nearly every aspect of their job duties due to Hershey's centralized control and oversight of its sales force and the resulting standardized policies and procedures.  For example, the RSRs share common job description, common job requirements, common training, common RSR Guidelines, common Retail Call Procedure, common merchandising and pricing, common use of the Rex, common performance reviews, common compensation and benefits, and a common exempt classification.

105.   A class action is superior to other methods for the fair and efficient adjudication of this controversy.  Furthermore, the members of the California Class have no plain, speedy, or adequate remedy at law against Hershey, other than by maintenance of this class action, because California Plaintiffs are

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

informed and believes, and on the basis of that information and belief alleges, that the damage to each member of the class is relatively small, and that it would be economically infeasible to seek recovery against Hershey other than by a class action. There will be no real difficulty in the management of this litigation as a class action.

106.   As the requirements of Rule 23(a) and Rule 23(b)(3) are satisfied, the Court should certify the following opt-out class under Rule 23:

> All persons who are or were employed by The Hershey Company as a Retail Sales Representative in the State of California at any time during the limitations period who did not fully and completely resolve these claims in the *Campanelli* matter.

### FIRST CAUSE OF ACTION
### Violation of the Fair Labor Standards Act
### (Brought By Plaintiffs and the National Collective Against Defendant)

107.   Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

108.   At all relevant times, Hershey has been and is an employer engaged in commerce as those terms are defined in 29 U.S.C. § 203(b), (d). As such, Hershey employed Plaintiffs as non-exempt "outside salespersons" and "administrative employees," employment which engaged the employees in commerce as those terms are defined in 29 U.S.C. § 203(b), (e), (g) and 29 U.S.C. § 207(a)(1). At all times relevant, Hershey has been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(1).

109.   Plaintiffs are informed and believe, and thereon allege, that Hershey has required Plaintiffs and those similarly situated as part of their employment to work without additional compensation, such as overtime, in excess of the forty hours per week maximum under 29 U.S.C. § 207(a)(1), which provides the following:

> Except as otherwise provided in this section, no employer shall employ any of his employees . . . for a work week longer than forty hours unless such employee receives compensation for his

17

employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

110.    In fact, in the performance of their duties for Hershey, Plaintiffs and those similarly situated often did work over forty hours per week, yet they did not receive overtime compensation required by the FLSA, 29 U.S.C. § 207 for the work, labor and services they provided to defendant Hershey.  The precise number of hours will be proven at trial.

111.    Further, Plaintiffs are informed and believe, and thereon allege, that Hershey has a policy of paying non-exempt employees straight time compensation for certain hours worked.  Plaintiffs are informed and believe, and thereon allege, that Hershey has not paid Plaintiffs straight time compensation to which they are entitled.

112.    Defendant's conduct in violating 29 U.S.C. § 207 is unlawful under 29 U.S.C. § 215(a)(2), which provides:

[I]t shall be unlawful for any person—(2) to violate any of the provisions of . . . section 207 of this title, or any of the provisions of any regulation or order of the Secretary issued under section 214 of this title.

113.    The representative Plaintiffs propose that notice of these proceedings be given to those similarly situated and who have been aggrieved by Hershey's unlawful conduct and be permitted to join this action as plaintiffs, pursuant to 29 U.S.C. § 216(b), by filing written consents to joinder with the Court.

114.    Plaintiffs incorporate by reference the written consent of joinder by each of the Plaintiffs which are attached to the Complaint as Exhibit A.

115.    Defendant's violations of the FLSA were willful.

116.    As a result of the foregoing, Plaintiffs seek judgment against Defendant on their own behalf, and on behalf of those similarly situated who file written consent to joinder in this action, for all unpaid wages, including overtime and straight time wages owed by Defendant to the Plaintiffs and those similarly situated, pursuant to 29 U.S.C. § 207, together with an award of an additional equal amount as liquidated damages , and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. § 216(b).

18

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

**SECOND CAUSE OF ACTION**
**Declaratory Relief**
**(Brought By Plaintiffs and the National Collective Against Defendant)**

117.    Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

118.    An actual controversy has arisen and now exists relating to the rights and duties of the parties herein in that Plaintiffs contend that defendant Hershey wrongfully misclassified Plaintiffs and those similarly situated as "outside salespersons" and "administrative employees" and failed to pay overtime compensation in violation of the FLSA.

119.    Plaintiffs desire a declaration as to the validity of defendant's classification of Plaintiffs and those similarly situated as "outside salespersons" and "administrative employees" exempt from the FLSA. A judicial declaration is necessary and appropriate at this time so that Plaintiffs may ascertain their rights and duties, and those of other affected persons in regard to their entitlement to overtime compensation and other appropriate relief.

**THIRD CAUSE OF ACTION**
**Violation of California Wage Orders and Labor Code**
**(Brought By California Plaintiffs and the California Class Against Defendant)**

120.    California Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

121.    During the time period beginning January 2004 and continuing through the present, the California Plaintiffs and the putative California Class members were employed by and did perform work for Hershey, often in excess of eight hours in a workday and/or forty hours in a workweek.

122.    During said time period, Hershey refused to compensate the California Plaintiffs and the putative California Class members for some and/or all of the wages, including overtime and straight time wages earned, in violation of the California Labor Code and IWC Wage Orders.

123.    Moreover, during said time period, many of the putative California Class members were

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

employed by and were thereafter terminated or resigned from their positions with Hershey, yet were not paid all wages due upon said termination or within seventy-two hours of said resignation of employment therefrom. Said non-payment of all wages due was the direct and proximate result of a willful refusal to do so by Defendant.

124.   At all relevant times, Defendant was aware of and was under a duty to comply with various provisions of the California Labor Code and/or Wage Orders issued by the Industrial Welfare Commission ("IWC"), including but not limited to:

a.   Labor Code § 201(a): "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

b.   Labor Code § 202(a): "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

c.   Labor Code § 203: "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

d.   Labor Code § 510(a): "Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

e.   Labor Code § 1198: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

f.   IWC Wage Order 7-2001(3)(A): "[E]mployees shall not be employed more than eight (8) hours in any workday or more than forty (40) hours in any workweek unless the employee receives one and one-half (1 1/2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. [. . .] Employment beyond eight (8) hours in any workday or more titan six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: (a) One ne and one-half (1 1/2) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and

including 12 hours in any workday, and for the first eight (8) hours on tile seventh (7th) consecutive day of work in a workweek; and (b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

125.  At all relevant times, Defendant was aware of and was under a duty to comply with various additional provisions of the California Labor Code and/or Wage Orders issued by the IWC as cited and discussed elsewhere in this Complaint.

126.  By refusing to compensate the California Plaintiffs and the California Class members for all wages earned, Defendant violated those California Labor Code and IWC Wage Order provisions, cited herein.  Defendant's violations of those California Labor Code and IWC Wage Order provisions were willful.

127.  In addition, California Labor Code § 512(a) provides:

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

128.  At all relevant times, Defendant was aware of and was under a duty to comply with California Labor Code § 512.

129.  California Labor Code § 226.7 provides:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

130.  At all relevant times, Defendant was aware of and was under a duty to comply with California Labor Code § 226.7.

21

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

131.  IWC Wage Order No. 7-2001(11) and (12) also mandate that employers provide all applicable mean and/or rest periods.

132.  IWC Wage Order No. 7-2001(11) provides:

(A)  No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes . . . (B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes . . . (D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

133.  IWC Wage Order No. 7-2001(12) provides:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof . . . (B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

134.  At all relevant times, Defendant was aware of and was under a duty to comply with IWC Wage Order No. 7-2001(11) and (12).

135.  By failing to consistently provide uninterrupted rest periods and/or thirty-minute meal periods to the California Plaintiffs and the putative California Class members, Defendant violated these California Labor Code and IWC Wage Order provisions.  Defendant's violations of those California Labor Code and IWC Wage Order provisions were willful.

136.  In addition, California Labor Code § 226(a) provides:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, . . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, . . . (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period

and the corresponding number of hours worked at each hourly rate by the employee.

137. Moreover, California Labor Code § 1174 provides:

> Every person employing labor in this state shall . . . (d) Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

IWC Wage Order 7-2001(7) also provide for this documentation requirement.

138. At all relevant times, Defendant was aware of and was under a duty to comply with California Labor Code §§ 226(a) and 1174(d) and IWC Wage Order 7-2001(7). Nevertheless, Defendant failed to provide timely, accurate itemized wage statements to the California Plaintiffs and the California Class members. None of the statements provided by Defendant has accurately reflected actual gross wages earned, net wages earned, or the appropriate deductions of such members of the California Class members. Defendant's violations of those California Labor Code and IWC Wage Order provisions were willful.

139. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, the California Plaintiffs and the putative California Class members have sustained damages, including loss of earnings for hours of overtime and straight time worked on behalf of Defendant, in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, the California Plaintiffs and putative California Class members are entitled to recover "waiting time" penalties/wages, in an amount to be established at trial, costs and attorneys' fees, pursuant to statute.

**FOURTH CAUSE OF ACTION**
**California Business and Professions Code §§ 17200, *et seq.***
**(Brought By California Plaintiffs and the California Class Against Defendant)**

140. The California Plaintiffs and the putative California Class members incorporate in this cause of action each and allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

141. The Unfair Competition Law, Business and Professions Code § 17200, provides that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by" the False Advertising Act, Business and Professions Code § 17500. The Unfair Competition Law provides that a Court may order injunctive relief and restitution as remedies for any violation of the Act.

142. The business acts and practices of Hershey, in violating the FLSA, the California Labor Code and IWC Wage Orders as hereinabove described, constitute an unlawful, unfair and/or fraudulent business practice in violation of the Unfair Competition Law. Specifically, Hershey conducted business activities while failing to comply with the legal mandates cited herein.

143. Hershey's knowing failure to adopt policies in accordance with and/or adhere to these laws, all of which are binding upon and burdensome to Hershey's competitors, engenders an unfair competitive advantage for Hershey, thereby constituting an unfair business practice, as set forth in California Business and Professions Code §§ 17200-17208.

144. The California Plaintiffs have suffered injury in fact and an economic loss by the withholding of wages due under the FLSA, the California Labor Code, and/or IWC Wage Orders. Unless restrained and enjoined, Hershey will continue in the acts and practices alleged above. Accordingly, the Court must issue an injunction restraining and enjoining Hershey from engaging in the acts and practices alleged above. The California Plaintiffs further requests an order restoring to the California Plaintiffs and members of the putative California Class any money or property, real or personal, which has been lost by means of Hershey's unfair and deceptive business practices.

145. In addition, pursuant to California Code of Civil Procedure § 1021.5, the California Plaintiffs are entitled to recover their reasonable attorneys' fees, costs and expenses incurred in bringing this action.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

## RELIEF SOUGHT

WHEREFORE, the Plaintiffs and California Plaintiffs, on behalf of themselves and the proposed National Collective and California Class, pray for judgment and the following specific relief against Hershey as follows:

1.     That the Court declare, adjudge and decree that this action is a proper collective action under 29 U.S.C. § 216 and class action under Federal Rule of Civil Procedure, Rule 23 and certify the proposed collective and class and/or any other appropriate subclasses;

2.     That the Court declare, adjudge and decree that defendant Hershey violated the overtime provisions of the FLSA as to the Plaintiffs and the proposed National Collective and that defendant Hershey violated the overtime provisions of the California Labor Code and the IWC Wage Orders as to the California Plaintiffs and the putative California Class members;

3.     That the Court declare, adjudge and decree that defendant Hershey willfully violated its legal duties under the FLSA, the California Labor Code and the IWC Wage Orders;

4.     That the Court declare, adjudge and decree that the Plaintiffs and the proposed National Collective members were at all times relevant hereto, and are, entitled to be paid overtime for work beyond 8 hours per day or 40 hours per week and that the amounts to which Plaintiffs and the National Collective are entitled is to be doubled as liquated damages and issue and award thereto;

5.     That the Court declare, adjudge and decree that the Plaintiffs and the National Collective members were at all times relevant hereto, and are, entitled to be paid straight time compensation for work performed for which they have not received straight time compensation

6.     That defendant Hershey be preliminarily and permanently enjoined from engaging in the acts herein described in violation of the FLSA, the California Labor Code and IWC Wage Orders;

7.     That the Court make an award to Plaintiffs and the National Collective members damages for the amount of unpaid compensation, including interest thereon, and penalties in an amount to be proven

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

at trial;

8.      That the Court declare, adjudge and decree that defendant Hershey violated California Labor Code §§ 226.7 and 512 and applicable IWC Wage Orders for willful failure to provide meal and rest periods (including second rest periods) to the California Plaintiffs and the members of the putative California Class, that defendant Hershey violated the recordkeeping provisions of California Labor Code §§ 226(a) and 1174(d) as to the California Plaintiffs and the members of the putative California Class, and for willful failure to provide accurate semimonthly statements thereto, and that defendant Hershey violated California Labor Code §§ 201, 202, and 203 for willful failure to pay all compensation owed at the time of termination of employment to the California Plaintiffs and the members of the putative California Class;

9.      That the Court declare, adjudge and decree that defendant Hershey violated California Business and Professions Code §§ 17200 et seq. by failing to pay the California Plaintiffs and the members of the putative California Class overtime compensation, "waiting time" penalties, and/or failing to provide accurate itemized statements;

10.     That the Court make an award to the California Plaintiffs and the members of the putative California Class of one hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

11.     That the Court make an award to the California Plaintiffs and the members of the putative California Class of one hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

12.     That the Court make an award to the California Plaintiffs and the members of the putative California Class of "waiting time" penalties/wages pursuant to California Labor Code § 203;

13.     That the Court order defendant Hershey to pay restitution to the California Plaintiffs and the members of the putative California Class due to defendant Hershey's unlawful, unfair and/or fraudulent activities, pursuant to California Business and Professions Code §§ 17200-08;

14.     That the Court further enjoin defendant Hershey, ordering it to cease and desist from

unlawful, unfair and/or fraudulent activities in violation of California Business and Professions Code §§

17200 et seq.;

15.     For all other orders, finding and determinations identified and sought in this Complaint;

16.     For interest on the amount of any and all economic losses, at the prevailing legal rate;

17.     For reasonable attorney fees pursuant to 29 U.S.C. § 216(b), California Labor Code §§ 218.5

and 1194, and/or California Code of Civil Procedure § 1021.5; and

18.     For costs of suit and any and all such other relief as the Court may deem proper.

## JURY DEMAND

The Plaintiffs and California Plaintiffs hereby demand trial by jury on issues triable by right of jury.

Dated:     October 19, 2011                          THE BRANDI LAW FIRM

                                                     By: _Thomas J Brandi_
                                                        THOMAS J. BRANDI
                                                        BRIAN J. MALLOY
                                                        The Brandi Law Firm
                                                        354 Pine Street, Third Floor
                                                        San Francisco, CA 94104
                                                        Telephone: (415) 989-1800
                                                        Facsimile: (415) 989-1801
                                                        tjb@brandilaw.com

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

# EXHIBIT A

1
2
**CONSENT TO JOIN COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)**

3          I, the undersigned, am a [former/current] employee of The Hershey Company and I worked in
4
excess of forty (40) hours per week in individual workweeks and was not paid overtime wages.
5
6          I hereby authorize the filing and prosecution of this Fair Labor Standards Act action in my name
7 and on my behalf and designate Ryan Zulewski, John Davis, Alex Langan, Nicholas Esposito, Brandon
8 Turner, Sharrelle Fisher, Jay Cook, Markessa Carter, Rachel Eckroth, Christina Tyson, Shane Huey,
9 and Dominick Ippolito as class and/or collective action representatives to make decisions on my behalf
10
concerning this litigation, the method and manner of conducting this litigation, the entering of an agreement
11
with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.
12
13          I hereby agree to be bound by any adjudication of this action by the Court, whether it is favorable or
14 unfavorable.  I further agree to be bound by any collective action settlement approved by my attorneys and
15 by the Court.
16          I hereby demand trial by jury on issues triable by right of jury.
17          I hereby designate The Brandi Law Firm and Hoban & Feola LLC to represent me in this action.
18
19
20 MY NAME IS:                                  *Ryan Zulewski*
21                                                        PRINT NAME
22 MY SIGNATURE:                            *RDZ*
23                                                        SIGN NAME
24 DATE ON WHICH THIS NOTICE IS SIGNED:    *10-17-11*
25                                                        TODAY'S DATE
26
27
28

**CONSENT TO JOIN COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)**

I, the undersigned, am a [former/current] employee of The Hershey Company and I worked in excess of forty (40) hours per week in individual workweeks and was not paid overtime wages.

I hereby authorize the filing and prosecution of this Fair Labor Standards Act action in my name and on my behalf and designate Ryan Zulewski, John Davis, Alex Langan, Nicholas Esposito, Brandon Turner, Sharrelle Fisher, Jay Cook, Markessa Carter, Rachel Eckroth, Christina Tyson, Shane Huey, and Dominick Ippolito as class and/or collective action representatives to make decisions on my behalf concerning this litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

I hereby agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I further agree to be bound by any collective action settlement approved by my attorneys and by the Court.

I hereby demand trial by jury on issues triable by right of jury.

I hereby designate The Brandi Law Firm and Hoban & Feola LLC to represent me in this action.

MY NAME IS:   _John H Davis Jr_
PRINT NAME

MY SIGNATURE:   _John H Davis Jr_
SIGN NAME

DATE ON WHICH THIS NOTICE IS SIGNED:   _10/4/11_
TODAY'S DATE

1

**CONSENT TO JOIN COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)**

I, the undersigned, am a [former/current] employee of The Hershey Company and I worked in excess of forty (40) hours per week in individual workweeks and was not paid overtime wages.

I hereby authorize the filing and prosecution of this Fair Labor Standards Act action in my name and on my behalf and designate Ryan Zulewski, John Davis, Alex Langan, Nicholas Esposito, Brandon Turner, Sharrelle Fisher, Jay Cook, Markessa Carter, Rachel Eckroth, Christina Tyson, Shane Huey, and Dominick Ippolito as class and/or collective action representatives to make decisions on my behalf concerning this litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

I hereby agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I further agree to be bound by any collective action settlement approved by my attorneys and by the Court.

I hereby demand trial by jury on issues triable by right of jury.

I hereby designate The Brandi Law Firm and Hoban & Feola LLC to represent me in this action.

MY NAME IS:

_Alex Langan_
PRINT NAME

MY SIGNATURE:

_Alex Langan_
SIGN NAME

DATE ON WHICH THIS NOTICE IS SIGNED:

_9/1/2011_
TODAY'S DATE

1
CONSENT TO JOIN COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)

**CONSENT TO JOIN COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)**

I, the undersigned, am a [former/current] employee of The Hershey Company and I worked in excess of forty (40) hours per week in individual workweeks and was not paid overtime wages.

I hereby authorize the filing and prosecution of this Fair Labor Standards Act action in my name and on my behalf and designate Ryan Zulewski, John Davis, Alex Langan, Nicholas Esposito, Brandon Turner, Sharrelle Fisher, Jay Cook, Markessa Carter, Rachel Eckroth, Christina Tyson, Shane Huey, and Dominick Ippolito as class and/or collective action representatives to make decisions on my behalf concerning this litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

I hereby agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I further agree to be bound by any collective action settlement approved by my attorneys and by the Court.

I hereby demand trial by jury on issues triable by right of jury.

I hereby designate The Brandi Law Firm and Hoban & Feola LLC to represent me in this action.

MY NAME IS:  *Nicholas Esposito*
PRINT NAME

MY SIGNATURE:  _____
SIGN NAME

DATE ON WHICH THIS NOTICE IS SIGNED:  *10-10-11*
TODAY'S DATE

**CONSENT TO JOIN COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)**

I, the undersigned, am a [former/current] employee of The Hershey Company and I worked in excess of forty (40) hours per week in individual workweeks and was not paid overtime wages.

I hereby authorize the filing and prosecution of this Fair Labor Standards Act action in my name and on my behalf and designate Ryan Zulewski, John Davis, Alex Langan, Nicholas Esposito, Brandon Turner, Sharrelle Fisher, Jay Cook, Markessa Carter, Rachel Eckroth, Christina Tyson, Shane Huey, and Dominick Ippolito as class and/or collective action representatives to make decisions on my behalf concerning this litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

I hereby agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I further agree to be bound by any collective action settlement approved by my attorneys and by the Court.

I hereby demand trial by jury on issues triable by right of jury.

I hereby designate The Brandi Law Firm and Hoban & Feola LLC to represent me in this action.

MY NAME IS: _____ *Brandon Turner* _____
PRINT NAME

MY SIGNATURE: _____
SIGN NAME

DATE ON WHICH THIS NOTICE IS SIGNED: ___ 10/1/11 ___
TODAY'S DATE

CONSENT TO JOIN COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)

**CONSENT TO JOIN COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)**

I, the undersigned, am a [former/current] employee of The Hershey Company and I worked in excess of forty (40) hours per week in individual workweeks and was not paid overtime wages.

I hereby authorize the filing and prosecution of this Fair Labor Standards Act action in my name and on my behalf and designate Ryan Zulewski, John Davis, Alex Langan, Nicholas Esposito, Brandon Turner, Sharrelle Fisher, Jay Cook, Markessa Carter, Rachel Eckroth, Christina Tyson, Shane Huey, and Dominick Ippolito as class and/or collective action representatives to make decisions on my behalf concerning this litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

I hereby agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I further agree to be bound by any collective action settlement approved by my attorneys and by the Court.

I hereby demand trial by jury on issues triable by right of jury.

I hereby designate The Brandi Law Firm and Hoban & Feola LLC to represent me in this action.

MY NAME IS: _Sharrelle Fisher_
PRINT NAME

MY SIGNATURE: _(signature)_
SIGN NAME

DATE ON WHICH THIS NOTICE IS SIGNED: _10 | 4 | 2011_
TODAY'S DATE

1

## CONSENT TO JOIN COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)

I, the undersigned, am a [former/current] employee of The Hershey Company and I worked in excess of forty (40) hours per week in individual workweeks and was not paid overtime wages.

I hereby authorize the filing and prosecution of this Fair Labor Standards Act action in my name and on my behalf and designate Ryan Zulewski, John Davis, Alex Langan, Nicholas Esposito, Brandon Turner, Sharrelle Fisher, Jay Cook, Markessa Carter, Rachel Eckroth, Christina Tyson, Shane Huey, and Dominick Ippolito as class and/or collective action representatives to make decisions on my behalf concerning this litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

I hereby agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I further agree to be bound by any collective action settlement approved by my attorneys and by the Court.

I hereby demand trial by jury on issues triable by right of jury.

I hereby designate The Brandi Law Firm and Hoban & Feola LLC to represent me in this action.

MY NAME IS: _____
PRINT NAME: Jay M. Cook

MY SIGNATURE: _____
SIGN NAME

DATE ON WHICH THIS NOTICE IS SIGNED: _____
TODAY'S DATE: 10/18/11

CONSENT TO JOIN COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)

## CONSENT TO JOIN COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)

I, the undersigned, am a [former/current] employee of The Hershey Company and I worked in excess of forty (40) hours per week in individual workweeks and was not paid overtime wages.

I hereby authorize the filing and prosecution of this Fair Labor Standards Act action in my name and on my behalf and designate Ryan Zulewski, John Davis, Alex Langan, Nicholas Esposito, Brandon Turner, Sharrelle Fisher, Jay Cook, Markessa Carter, Rachel Eckroth, Christina Tyson, Shane Huey, and Dominick Ippolito as class and/or collective action representatives to make decisions on my behalf concerning this litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

I hereby agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I further agree to be bound by any collective action settlement approved by my attorneys and by the Court.

I hereby demand trial by jury on issues triable by right of jury.

I hereby designate The Brandi Law Firm and Hoban & Feola LLC to represent me in this action.

MY NAME IS: *Markessa Carter*
PRINT NAME

MY SIGNATURE: *Markessa C(...)*
SIGN NAME

DATE ON WHICH THIS NOTICE IS SIGNED: *10-3-2011*
TODAY'S DATE

1

## CONSENT TO JOIN COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)

I, the undersigned, am a [former/current] employee of The Hershey Company and I worked in excess of forty (40) hours per week in individual workweeks and was not paid overtime wages.

I hereby authorize the filing and prosecution of this Fair Labor Standards Act action in my name and on my behalf and designate Ryan Zulewski, John Davis, Alex Langan, Nicholas Esposito, Brandon Turner, Sharrelle Fisher, Jay Cook, Markessa Carter, Rachel Eckroth, Christina Tyson, Shane Huey, and Dominick Ippolito as class and/or collective action representatives to make decisions on my behalf concerning this litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

I hereby agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I further agree to be bound by any collective action settlement approved by my attorneys and by the Court.

I hereby demand trial by jury on issues triable by right of jury.

I hereby designate The Brandi Law Firm and Hoban & Feola LLC to represent me in this action.

MY NAME IS:

_Rachel Eckroth_
PRINT NAME

MY SIGNATURE:

_Rachel Eckroth_
SIGN NAME

DATE ON WHICH THIS NOTICE IS SIGNED:

_10·3·11_
TODAY'S DATE

## CONSENT TO JOIN COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)

I, the undersigned, am a [former/current] employee of The Hershey Company and I worked in excess of forty (40) hours per week in individual workweeks and was not paid overtime wages.

I hereby authorize the filing and prosecution of this Fair Labor Standards Act action in my name and on my behalf and designate Ryan Zulewski, John Davis, Alex Langan, Nicholas Esposito, Brandon Turner, Sharrelle Fisher, Jay Cook, Markessa Carter, Rachel Eckroth, Christina Tyson, Shane Huey, and Dominick Ippolito as class and/or collective action representatives to make decisions on my behalf concerning this litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

I hereby agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I further agree to be bound by any collective action settlement approved by my attorneys and by the Court.

I hereby demand trial by jury on issues triable by right of jury.

I hereby designate The Brandi Law Firm and Hoban & Feola LLC to represent me in this action.

MY NAME IS:

Christina Tyson
PRINT NAME

MY SIGNATURE:

SIGN NAME

DATE ON WHICH THIS NOTICE IS SIGNED:

10/13/11
TODAY'S DATE

1

## CONSENT TO JOIN COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)

I, the undersigned, am a [former/current] employee of The Hershey Company and I worked in excess of forty (40) hours per week in individual workweeks and was not paid overtime wages.

I hereby authorize the filing and prosecution of this Fair Labor Standards Act action in my name and on my behalf and designate Ryan Zulewski, John Davis, Alex Langan, Nicholas Esposito, Brandon Turner, Sharrelle Fisher, Jay Cook, Markessa Carter, Rachel Eckroth, Christina Tyson, Shane Huey, and Dominick Ippolito as class and/or collective action representatives to make decisions on my behalf concerning this litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

I hereby agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I further agree to be bound by any collective action settlement approved by my attorneys and by the Court.

I hereby demand trial by jury on issues triable by right of jury.

I hereby designate The Brandi Law Firm and Hoban & Feola LLC to represent me in this action.

MY NAME IS:

_Shane Huey_
PRINT NAME

MY SIGNATURE:

_Shane Huey_
SIGN NAME

DATE ON WHICH THIS NOTICE IS SIGNED:

_10-5-11_
TODAY'S DATE

1

**CONSENT TO JOIN COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)**

I, the undersigned, am a [former/current] employee of The Hershey Company and I worked in excess of forty (40) hours per week in individual workweeks and was not paid overtime wages.

I hereby authorize the filing and prosecution of this Fair Labor Standards Act action in my name and on my behalf and designate Ryan Zulewski, John Davis, Alex Langan, Nicholas Esposito, Brandon Turner, Sharrelle Fisher, Jay Cook, Markessa Carter, Rachel Eckroth, Christina Tyson, Shane Huey, and Dominick Ippolito as class and/or collective action representatives to make decisions on my behalf concerning this litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

I hereby agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I further agree to be bound by any collective action settlement approved by my attorneys and by the Court.

I hereby demand trial by jury on issues triable by right of jury.

I hereby designate The Brandi Law Firm and Hoban & Feola LLC to represent me in this action.

MY NAME IS: 

_Dominick Ippolito III_
PRINT NAME

MY SIGNATURE: 

_Dominick Ippolito III_
SIGN NAME

DATE ON WHICH THIS NOTICE IS SIGNED: 

_10-3-2011_
TODAY'S DATE

1

CONSENT TO JOIN COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)