1  MORGAN, LEWIS & BOCKIUS LLP
   REBECCA EISEN, STATE BAR NO. 96129
2  One Market, Spear Street Tower
   San Francisco, CA  94105-1126
3  Telephone:  415.442.1000; Facsimile: 415.442.1001
   E-mail: reisen@morganlewis.com

4  MORGAN, LEWIS & BOCKIUS LLP
   MICHAEL J. PUMA (admitted *pro hac vice*)
5  1701 Market Street
   Philadelphia, PA  19103
6  Telephone:  215.963.5000; Facsimile:  215.963.5001
   Email: mpuma@morganlewis.com

7  Counsel for Defendant, The Hershey Company

8              UNITED STATES DISTRICT COURT
9           NORTHERN DISTRICT OF CALIFORNIA
                 SAN FRANCISCO DIVISION
10

11 RYAN ZULEWSKI, JOHN DAVIS, ALEX        Case No. 3:11-CV-05117(BZ)
   LANGAN, NICHOLAS ESPOSITO,
   BRANDON TURNER, SHARRELL FISHER,       **[Hon. Bernard Zimmerman]**
12 JAY COOK, MARKESSA CARTER,
   RACHEL ECKROTH, CHRISTINA TYSON,
13 SHANE HUEY, DOMINICK IPPOLITO,         **DEFENDANT'S NOTICE OF MOTION
   ROBERT CHURNEY, HARRY KLOS,            AND MOTION TO DENY CLASS
14 CONSTANCE COLE, BRITTANY               CERTIFICATION AND
   DANGERFIELD, TRACY DEBUS, TERESA       MEMORANDUM OF POINTS AND
15 FLORES, CASSANDRA HALE, BRETT          AUTHORITIES IN SUPPORT OF
   KITTERMAN, AMY KRAMER, CHRIS           THEREOF**
16 LANDERS, KIMBERLY LEKARCYK,
   TYLER MCKENZIE, ANDREW MEEK,           DATE:  April 4, 2012
17 DAVID RISSER, SUSAN SPOHN, MIKE
   THOMPSON, YOLANDA TURNER, JENNA        TIME:  10:00 AM
18 VERRASTRO, and ERIN WADLEY, on their
   own behalf and on behalf of all others similarly   JUDGE:  Bernard Zimmerman
19 situated,
                                          **ORAL ARGUMENT REQUESTED**
20              Plaintiffs,

21        v.

22 THE HERSHEY COMPANY,

23              Defendant.

24 **TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

25        **PLEASE TAKE NOTICE** that at 10:00 a.m. on April 4, 2012, or as soon thereafter as the matter

26 may be heard, in Courtroom C on the 15th floor of the United States District Court for the Northern

27 District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco,

28 California, 94102, the Honorable Bernard Zimmerman presiding, Defendant hereby will and hereby does

move the Court to deny class certification.

Plaintiffs seek to certify both a nationwide Fair Labor Standards Act ("FLSA") collective action on behalf of all of Hershey's Retail Sales Representatives ("RSRs") and a Federal Rule 23 class action on behalf of all RSRs in California. As Plaintiffs acknowledge, this action alleges "federal and state overtime violations" that are "virtually identical" to the claims that their same counsel brought against The Hershey Company ("Hershey") in a prior case in the Northern District of California that was litigated for years and ultimately settled last year, *Campanelli v. Hershey Co.*, Case No. 3:08-cv-01862-BZ (N.D. Cal. filed Apr. 7, 2008). (*See* Amended Complaint (Dkt. No. 12) ¶ 68.) Just as in *Campanelli*, this Court should find as a matter of law that a Federal Rule 23 class action in not a superior method for adjudicating the state law claims of the California RSRs, as is required by Federal Rule 23(b)(3). The superior procedural path, as this Court in *Campanelli* held, would allow California RSRs to opt-in to the FLSA collective action if they wished and have their state law claims adjudicated based on the Court's supplemental jurisdiction. Further, Plaintiffs also cannot meet the numerosity, adequacy and typicality requirements of Federal Rule 23(a). Accordingly, Defendant respectfully requests that the Court deny class certification pursuant to Federal Rule 23(c)(1)(A) and strike Plaintiffs' class claims from their Amended Complaint pursuant to Federal Rule 23(d)(4).

This motion is made on the grounds set forth above and in the attached memorandum of points and authorities, and the Declaration of Kaley Miller, and is based on the material referenced therein and such oral argument as may be heard by the Court.

Dated: January 20, 2012
      Philadelphia, Pennsylvania        MORGAN LEWIS & BOCKIUS, LLP


                                By: /s Michael J. Puma
                                   Michael J. Puma

                                *Counsel for Defendant, The Hershey Company*

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ........................................................................................................... 1

II.     RELEVANT FACTUAL AND PROCEDURAL HISTORY............................................ 2

III.    ARGUMENT ................................................................................................................. 3

    A.      The Court Properly May Deny Class Certification and Strike Plaintiffs'
        Class  Allegations on the Basis of the Pleadings in this Action ............................ 3

    B.      Plaintiffs Cannot Meet Their Burden to Establish that a Federal Rule Class
        Action Is the Superior Method for Adjudication of the State Law Claims............ 6

    C.      Plaintiffs Cannot Meet Their Burden To Satisfy The Federal Rule 23(a)
        Requirements of Numerosity, Adequacy and Typicality........................................ 9

        1.      Plaintiffs Cannot Establish That Joinder of All Members of the
            Putative Class Would Be Impracticable........................................................ 9

        2.      Plaintiffs Cannot Establish That They Adequately Represent or Are
            Typical of the Putative Class Members .................................................. 11

IV.     CONCLUSION ............................................................................................................ 13

1

# TABLE OF AUTHORITIES

2

**Page**

3 CASES

4 *Alvarez v. Gold Belt, LLC,*
5 No. 08-4871, 2009 WL 1473933 (D.N.J. May 26, 2009) ........................................ 7

6 *Bryant v. Food-Lion, Inc.,*
774 F. Supp. 2d 1484 (D.S.C. 1991) ....................................................... 4

7
*Chevron USA, Inc. v. Vermilion Parish Sch. Bd.,*
8 215 F.R.D. 511 (W.D. La. 2003) ........................................................ 4

9 *Cook County College Teachers Union v. Byrd,*
456 F.2d 882 (7th Cir. 1972) .......................................................... 4
10
*Doninger v. Pacific Nw. Bell, Inc.,*
11 564 F.2d 1304 (9th Cir. 1977) ................................................... 5, 9, 10

12 *Fedotov v. Peter T. Roach & Assocs.,*
13 354 F. Supp. 2d 471 (S.D.N.Y. 2005) .................................................. 4

14 *General Tel. Co. of Nw., Inc. v. EEOC,*
446 U.S. 318 (1980) ................................................................ 9
15
*General Tel. Co. v. Falcon,*
16 457 U.S. 147 (1982) ............................................................... 11

17 *Hanon v. Dataproducts Corp.,*
18 976 F.2d 497 (9th Cir. 1992) ........................................................ 11

19 *In the Matter of Shulman Transport Enters.,*
33 B.R. 383 (S.D.N.Y. 1983), *aff'd* 744 F.2d 293 (2d Cir. 1984) ......................... 10
20
*Kamm v. Cal. City Dev. Co.,*
21 509 F.2d 204 (9th Cir. 1975) ......................................................... 4

22 *Lymburner v. U.S. Fin'l Funds, Inc.,*
23 263 F.R.D. 534 (N.D. Cal. 2010) ..................................................... 10

24 *Rutledge v. Elec. Hose & Rubber Co.,*
511 F.2d 668 (9th Cir. 1975) .......................................................... 4
25
*Smith v. Bayer Corp.,*
26 131 S.Ct. 2368 (2011) ............................................................... 7

27 *True v. Am. Honda Motor Co.*
749 F. Supp. 2d 1052 (C.D. Cal. 2010) ............................................... 11

28

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Tuttle v. Sky Bell Asset Mgmt.*,
    No. C 10-03588 WHA, 2011 WL 5118454 (N.D. Cal. Oct. 28, 2011) ................................. 10

*Vinole v. Countrywide Home Loans, Inc.*,
    571 F.3d 935 (9th Cir. 2009) ................................................................................................... 4

*Wal-Mart Stores, Inc. v. Dukes*,
    131 S.Ct. 2541 (2011) ................................................................................................... 3, 6, 12

*Zinser v. Accufix Research Inst., Inc.*,
    253 F.3d 1180 (9th Cir. 2001) ................................................................................................. 3

**RULES**

Fed. R. Civ. P. 20 ......................................................................................................................... 6

Fed. R. Civ. P. 23 ................................................................................................................. passim

**OTHER AUTHORITIES**

C. Wright, A. Miller & M. Kane, 7B Federal Practice & Procedure Civ. § 1795 (2d ed.
    1986) ........................................................................................................................................ 4

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  INTRODUCTION

Plaintiffs acknowledge that this action alleges "federal and state overtime violations" that are "virtually identical" to the claims that their same counsel brought against The Hershey Company ("Hershey") in a prior case in the Northern District of California that was litigated for years and ultimately settled last year, *Campanelli v. Hershey Co.*, Case No. 3:08-cv-01862-BZ (N.D. Cal. filed Apr. 7, 2008).  (*See* Amended Complaint (Dkt. No. 12) ¶ 68.)  Just as in *Campanelli*, Plaintiffs seek to certify both a nationwide Fair Labor Standards Act ("FLSA") collective action on behalf of all of Hershey's Retail Sales Representatives ("RSRs") and a Federal Rule 23 class action on behalf of all RSRs in California.  The only difference that Plaintiffs allege exists between this case and *Campanelli* – that Hershey "continues to violate the FLSA and California law and continues to fail to pay the RSRs overtime" (Dkt. 12 ¶ 68), despite the *Campanelli* Court's summary judgment ruling – is no difference at all.  In fact, after months of thoughtful work analyzing its sales force and alternative approaches, Hershey has reclassified its RSRs as non-exempt employees who are eligible for and paid overtime compensation.  Hershey continues to deny that its RSRs were misclassified and that it is required by law to provide them overtime compensation, but it has taken this step to limit any additional potential exposure and to focus on its business rather than continued litigation over RSRs' exempt status.

In *Campanelli*, this Court held as a matter of law that a Federal Rule 23 class action was not a superior method for adjudicating the state law claims of the California RSRs, as is required by Federal Rule 23(b)(3).  *See Campanelli*, 2010 WL 3219501, at *5 (N.D. Cal. Aug. 13, 2010).  The superior procedural path, the Court concluded, was instead to allow California RSRs to opt-in to the FLSA collective action if they wished and have their state law claims adjudicated based on the Court's supplemental jurisdiction.  *See id.*  Accordingly, the Court denied class certification.  *See id.*

In what Plaintiffs label a "virtually identical" case, they again cannot satisfy the superiority requirement of Federal Rule 23(b)(3).  California RSRs who join Plaintiffs' FLSA

collective action can have their state law claims adjudicated based on this Court's supplemental jurisdiction. Moreover, the pleadings and indisputable facts already establish that Plaintiffs also cannot meet the numerosity, adequacy and typicality requirements of Federal Rule 23(a). For all these reasons, the Court should deny class certification under Federal Rule 23(c)(1)(A) and strike Plaintiffs' class claims from their Amended Complaint pursuant to Federal Rule 23(d)(4).

## II.   RELEVANT FACTUAL AND PROCEDURAL HISTORY

Plaintiffs are 31 former RSRs – just six from California, and 25 from other states – who allege that Hershey unlawfully failed to pay them overtime compensation under the FLSA and California law and also is liable for various derivative penalties under California law. *See* Amended Complaint (Dkt. No. 12) ¶¶ 1-33. Plaintiffs purport to advance their claims as both an FLSA collective action on behalf of all RSRs nationwide and a Federal Rule 23 class action alleging state law claims on behalf of all California RSRs. *See id.* ¶¶ 171-194.

As Plaintiffs acknowledge, this litigation is virtually identical to *Campanelli*, a lawsuit brought against Hershey in the Northern District of California in 2008 by another group of RSRs (who were represented by the same counsel as Plaintiffs here). *See* 2010 WL 3219501, at *1. In fact, the vast majority of the allegations in the Complaint in the instant action are identical to the allegations in the Second Amended Complaint in *Campanelli*. (*See* Second Amended *Campanelli* Complaint, attached hereto as Exhibit ("Exh.") A.)

The *Campanelli* plaintiffs moved to certify both a Federal Rule 23 class action on behalf of all California RSRs and a nationwide FLSA collective action. *Id.* The court denied certification of the class action, but granted conditional certification of the FLSA collective action. *Id.* at *5. As a result, Court-approved notice of the collective action was sent to 828 RSRs, including 55 California RSRs, in September 2010. (*See* Declaration of Kaley Miller ("Miller Decl."), attached hereto as Exh. B, ¶¶ 3-4.) Only 11 of the California RSRs elected to accept the invitation in the notice to opt into the action. (*See* Miller Decl. ¶ 5.) The parties subsequently settled the *Campanelli* matter, and all RSRs who had opted-in released their claims against Hershey up to and including May 4, 2011. *See Campanelli v. Hershey Co.*, Case No.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

2

POINTS & AUTHORITIES IN SUPPORT OF
MOTION TO DENY CLASS CERTIFICATION
CASE NO. 3:11-CV-05117 BZ

3:08-cv-01862-BZ, slip. op. at 3-4, (N.D. Cal. May 4, 2011).  Included in that release were all federal and California wage/hour claims by the California RSRs who had opted into the action. *See id.*

Plaintiffs filed the initial Complaint in the instant litigation on October 19, 2011, just five months after the *Campanelli* settlement was approved.  They seek to certify the very same Federal Rule 23 class action that was rejected in *Campanelli*, and to send duplicative notice of a proposed FLSA collective action to hundreds of RSRs who already received notice and yet declined to press their FLSA claims against Hershey despite having ample opportunity to do so.

According to Hershey's personnel data, the putative Federal Rule 23 class definition set forth in Plaintiffs' Complaint applies at most to 64 current and former California RSRs – 38 RSRs who already received notice of the *Campanelli* matter and chose not to opt-in, 18 who began working for Hershey after the *Campanelli* notice, the six California named Plaintiffs, and two California RSRs who opted into *Campanelli* and then continued working at Hershey after releasing their earlier claims.  (*See* Miller Decl. ¶ 6.)  In other words, there are only 20 California RSR putative class members who are not already Plaintiffs or did not already reject the Court-approved solicitation to advance the very same claims pled in this action.

## III.   ARGUMENT

### A.   The Court Properly May Deny Class Certification and Strike Plaintiffs' Class Allegations on the Basis of the Pleadings in this Action.

Rule 23(c)(1)(A) mandates that "at an ***early*** practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P.  23(c)(1)(A) (emphasis added).  At any time, the party seeking certification bears the burden of demonstrating that it has met the requirements of Federal Rules 23(a) and 23(b).  *See Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001).  The Court must conduct "a rigorous analysis" of the Rule 23 requirements to determine whether Plaintiffs can meet their burden.  *See Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011).  If the party seeking certification cannot make the required showing, the Court should

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

3

POINTS & AUTHORITIES IN SUPPORT OF
MOTION TO DENY CLASS CERTIFICATION
CASE NO. 3:11-CV-05117 BZ

deny certification pursuant to Rule 23(c)(1)(A) and strike the class allegations from the complaint under Rule 23(d)(1). *See* C. Wright, A. Miller & M. Kane, 7B Federal Practice & Procedure Civ. § 1795 (2d ed. 1986) (observing that orders under Rule 23(d) are "procedurally inseparable" from a court's duty under Rule 23(c)(1) to determine "[a]s soon as practicable after the commencement of an action brought as a class action . . . whether it is to be so maintained").

The Ninth Circuit has held that the defendants in a putative class action may move to deny class certification rather than wait for plaintiffs to move for the putative class to be certified. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 941 (9th Cir. 2009); *Rutledge v. Elec. Hose & Rubber Co.*, 511 F.2d 668, 673 (9th Cir. 1975) (affirming order granting defendants' motion to deny class certification). Other federal courts and commentators agree that such motions are appropriate. *See, e.g.*, *Cook County College Teachers Union v. Byrd*, 456 F.2d 882, 884-85 (7th Cir. 1972) (holding that it is proper to consider defendants' motion to deny certification before plaintiffs had filed motion to certify class); *Fedotov v. Peter T. Roach & Assocs.*, 354 F. Supp. 2d 471, 478 (S.D.N.Y. 2005) (considering defendants' "preemptive" motion to deny certification); *Chevron USA, Inc. v. Vermilion Parish Sch. Bd.*, 215 F.R.D. 511, 515-16 (W.D. La. 2003) (same); *Bryant v. Food-Lion, Inc.*, 774 F. Supp. 2d 1484, 1495 (D.S.C. 1991) (same); J. W. Moore, 5 Moore's Fed. Practice, § 23.82[1] (Matthew Bender 3d ed. 2009) ("The defendant need not wait for the plaintiff to act, however. The defendant may move for an order denying class certification.").

Further, defendants need not wait until the close of discovery to move that class certification be denied. *Vinole*, 571 F.3d 935 at 944. The Ninth Circuit explained in *Vinole* that "a party seeking class certification is not always entitled to discovery on the class certification issue." *Id.* "Where the necessary factual issues [to determine whether class certification is appropriate] may be resolved without discovery, it is not required." *Kamm v. Cal. City Dev. Co.*, 509 F.2d 204, 210 (9th Cir. 1975) (affirming decision denying class certification despite plaintiffs' objections that additional discovery was needed). Indeed, it would be unjust to subject Hershey to burdensome and costly class-wide discovery when the certification issues can be

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

decided at the outset of the litigation.  That approach also has the benefit of not burdening the Court with class-wide discovery disputes and more expansive certification briefing that would result from additional arguments against certification that Hershey could advance following discovery (but that the Court need to reach in light of multiple grounds to deny certification now).

In *Doninger v. Pacific Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977), the Ninth Circuit affirmed a decision denying class certification before any class discovery had been conducted.  Although the Ninth Circuit noted that discovery often is necessary before a court rules on class certification, it held that "where the plaintiffs fail to make even a *prima facie* showing of Rule 23's prerequisites . . . the burden is on the plaintiff to demonstrate that discovery measures are likely to produce persuasive information substantiating the class action allegations." *Id.*  If the plaintiffs cannot show that discovery would likely allow them to establish Rule 23's prerequisites, denying class certification without allowing discovery "lies within the sound discretion of the trial court."  *Id.* at 1312.

Here, no discovery is necessary to determine that Plaintiffs' putative class action should not be certified.  On the face of the pleadings – and by Plaintiffs' own admission – this case is "virtually identical" to the *Campanelli* matter.  (*See* Exh. A).  In that case, this Court properly denied class certification and held as a matter of law that the proposed Federal Rule 23 class action was not the superior method of adjudication.  *See* 2010 WL 3219501, at *5.  Perhaps recognizing the logical appeal of the Court's conclusion, the plaintiffs in *Campanelli* declined to pursue a Federal Rule 23(f) interlocutory appeal of that decision.

There is no difference between this matter and *Campanelli* that could compel a different result, and no discovery would change that conclusion.  Further, Hershey's additional arguments below regarding Plaintiffs' inability to establish the Rule 23(a) requirements of numerosity, adequacy and typicality, which the Court need not even reach in light of the dispositive superiority issue, are based solely on the pleadings and a few indisputable facts regarding the numbers of RSRs in California and who participated in the *Campanelli* matter.  Discovery could not alter these basic facts, most of which are already known to Plaintiffs' counsel (who

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

5

POINTS & AUTHORITIES IN SUPPORT OF
MOTION TO DENY CLASS CERTIFICATION
CASE NO. 3:11-CV-05117 BZ

represented the *Campanelli* plaintiffs).[1]  As Plaintiffs cannot meet their burden to demonstrate that discovery measures are likely to substantiate their class allegations, the Court should deny class certification at this stage.[2]

### B. Plaintiffs Cannot Meet Their Burden to Establish that a Federal Rule Class Action Is the Superior Method for Adjudication of the State Law Claims.

The Supreme Court has instructed that class certification is an exception to the general rule that litigation may be maintained only by named parties.  *See Dukes*, 131 S.Ct. at 2550. Under Federal Rule 23(b)(3),[3] which imposes just some of the many stringent requirements for a class action, a class action may be maintained only if "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).  If the party seeking certification cannot establish the superiority of a class action over individual claims or alternative joinder mechanisms (such as Federal Rule 20 or the Court's exercise of supplemental jurisdiction), a court must deny certification.  *See Wells Fargo Home Mortgage Litig.*, 571 F.3d 953, 957 (9th Cir. 2009).

In the instant case, the bar to certification is even higher because of the *Campanelli* decision denying class certification.  The Supreme Court recently held that where one federal court has already issued a ruling regarding the propriety of class certification, other federal courts should "apply principles of comity to each other's class certification decisions when addressing a

---

[1]  To the extent the Court denies Hershey's request to deny class certification based on Plaintiff's failure to establish the superiority of a class action, Hershey is willing to engage in limited discovery if deemed necessary to confirm the basic facts relied upon in its arguments regarding numerosity, adequacy and typicality.

[2]  Hershey has limited its arguments against class certification in the instant Motion to certain issues that can be decided as a matter of law prior to discovery.  To the extent the Court denies its Motion, Hershey reserves its right to renew these arguments at a later stage and also to advance all other arguments against class certification based on the factual record that would be developed in discovery.

[3]  Plaintiffs seek certification only under Federal Rule 23(b)(3).  *See* Amended Complaint (Dkt. No. 12) ¶¶ 176-184.  Indeed, Plaintiffs could not seek certification under Federal Rule 23(b)(2) in light of their individualized claims for monetary damages.  *See Dukes*, 131 S.Ct. at 2557 (holding that Rule 23(b)(2) "does not authorize class certification when each class member would be entitled to an individualized award of monetary damages").

common dispute." *Smith v. Bayer Corp.*, 131 S.Ct. 2368, 2382 (2011); *see also Alvarez v. Gold Belt, LLC*, No. 08-4871, 2009 WL 1473933, at *4 (D.N.J. May 26, 2009) (denying motion for certification of second-filed collective action because judicial comity required deferral to court's ruling on certification in the first-filed action).  Thus, without any further analysis of Federal Rule 23(b)(3)'s superiority requirement or the other arguments set forth below, the Court should deny certification in this action based on the *Campanelli* decision.

The Court also should deny certification because the *Campanelli* decision was based on sound reasoning applied in other decisions in this Court and consistent with Ninth Circuit precedent.  In *Leuthold v. Destination America*, the plaintiffs – who alleged they unlawfully had been denied overtime payments – filed a motion to certify both a Federal Rule 23 class of individuals located in California and a nationwide FLSA collective action.  224 F.R.D. 462, 464 (N.D. Cal. 2004).  The court granted conditional certification of the FLSA collective action, but it denied class certification because it held that a class action was not the superior means of adjudicating the state law claims.  *See id.* at 469.  The court reasoned that the "plaintiffs ha[d] a different alternative available to them: prosecuting their pendent state law claims as part of the FLSA class action."  *See id.* at 469.  The court held that this method – letting individual plaintiffs choose whether to opt-in to the FLSA collective action, and then allowing those who did opt-in to pursue their state law claims under the court's supplemental jurisdiction – was superior to certifying a Rule 23 class for three reasons.  *See id.*

First, the *Leuthold* approach ensured individuals more control over their participation in the litigation by "provid[ing] a means for participation for individuals who truly wish to join the suit, while requiring no action from those who do not wish to join."  *Id.* at 469-70.  Second, it avoided the jurisdictional problems that would arise if the plaintiff's Rule 23 class, which was based on state law claims, came to substantially predominate over their FLSA claims as a result of only a few individuals opting into the lawsuit (which is likely in this action since the overwhelming majority of the putative collective action members in California already received notice in *Campanelli* and chose not to participate).  *Id.* at 470.  Third and finally, the court held

POINTS & AUTHORITIES IN SUPPORT OF
MOTION TO DENY CLASS CERTIFICATION
CASE NO. 3:11-CV-05117 BZ

that "the policy behind requiring FLSA plaintiffs to opt into the class would largely be thwarted if a plaintiff were permitted to back door the shoehorning in of unnamed parties through the vehicle of calling upon similar state statutes that lack such an opt-in requirement." *Id.* (internal quotations omitted).  For all of these reasons, the court denied certification.

In *Campanelli*, the court was presented with a situation procedurally identical to *Leuthold* – a motion to certify both a Rule 23 class and an FLSA collective action.  2010 WL 3219501, at *1.  Referring to *Leuthold*, the court explained that it "agree[d] with Chief Judge Walker that plaintiffs' motion should be denied because a Rule 23 classification is not superior to other available methods for the fair and effective adjudication of this controversy; namely, allowing opt-in plaintiffs to prosecute their independent state law claims as part of the FLSA collective action." *Id.* at *5 (internal quotations omitted).  The court further concluded that allowing the opt-in plaintiffs to pursue any additional relief to which they might be entitled under California law was "[t]he fairest and most efficient method of resolving the California claims." *Id.*  The court also noted that this solution would "eliminate[] the awkwardness" of explaining the complicated implications of a hybrid Rule 23 class and FLSA collective action to the putative class members.  *See id.*

Here, the Court is presented with a situation materially indistinguishable from *Leuthold* and – in Plaintiffs' words – "virtually identical" to *Campanelli*.  Just as in *Leuthold* and *Campanelli*, putative class members from California could seek to opt into Plaintiffs' FLSA collective action and pursue their state law claims based on the Court's supplemental jurisdiction.[4]  This solution protects due process rights that are always at risk in an opt-out

---

[4]     Solely as a basis for the Court to grant this Motion and deny certification of the California state law class action claims, Hershey would agree not to contest the distribution of a mutually agreeable and appropriate Court-approved notice, offering the opportunity to opt into this action to press both their FLSA and California state law claims, to California RSRs who (1) did not receive notice in *Campanelli*, or (2) opted into *Campanelli* but continued working as RSRs after May 4, 2011.  This offer is without prejudice, however, to Hershey's right to challenge conditional certification, and notice to potential members, of a nationwide FLSA collective action that would provide duplicative notice to hundreds of RSRs who already chose not to advance claims against Hershey.

POINTS & AUTHORITIES IN SUPPORT OF
MOTION TO DENY CLASS CERTIFICATION
CASE NO. 3:11-CV-05117 BZ

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

Federal Rule 23 class action, allows individuals more control over their participation, and avoids thwarting the purposes of the FLSA's opt-in mechanism.  Plaintiffs cannot cite any reason why this method – deemed "the fairest and most efficient method" in *Campanelli* – is not superior to a Rule 23 class in this action.  For these reasons, as in *Campanelli*, this Court should deny class certification and strike Plaintiffs' class allegations from the Amended Complaint.

**C.     Plaintiffs Cannot Meet Their Burden To Satisfy The Federal Rule 23(a) Requirements of Numerosity, Adequacy and Typicality.**

Although the Court should not need to reach these issues in light of the argument set forth above, the circumstances of the *Campanelli* case have revealed additional grounds for the Court to deny class certification at this stage.  Specifically, Plaintiffs cannot meet their burden to establish Federal Rule 23(a)'s requirements that: "(1) the class is so numerous that joinder of all members is impracticable; . . . (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a).

**1.     Plaintiffs Cannot Establish That Joinder of All Members of the Putative Class Would Be Impracticable.**

The Court should deny class certification because Plaintiffs cannot meet their burden under Federal Rule 23(a)(1), which allows the class action device to be used only where it would be inequitable and impracticable to require members of the class to be joined individually.  *See General Tel. Co. of Nw., Inc. v. EEOC*, 446 U.S. 318, 330 (1980); *Doninger*, 564 F.2d at 1310-11 (affirming decision denying class certification because plaintiffs could not establish impracticability of joinder).  Courts do not analyze this factor by simply looking at the number of putative class members, which is just one consideration, but rather by determining based on all the circumstances whether joinder would be impracticable.  *See, e.g.*, *Doninger*, 564 F.2d at 1310-11 (holding that because only a subset of the putative class had chosen not to sign a release that barred their claims, and because all members of that subset were located in the state of Washington, joinder would not be impracticable).

Here, an examination of all the circumstances demonstrates that joinder would not be

POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DENY CLASS CERTIFICATION CASE NO. 3:11-CV-05117 BZ

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

impracticable.  First, Plaintiffs necessarily concede that joinder is not impracticable because their Complaint specifically requests that other RSRs be allowed to participate in this action through the FLSA's opt-in joinder mechanism.  (*See* Amended Complaint (Dkt. No. 12) ¶¶ 171-75.)  In fact, Plaintiffs seek to join the FLSA claims of hundreds of RSRs who have worked for Hershey around the country during the past three years (*see* Miller Decl. ¶ 7), so they cannot seriously contend that it would be impracticable to join the claims of a small subset of these individuals in California.

Second, the size of the putative class and their geographic concentration in a single state further demonstrates that joinder is not impracticable.  The total number of RSRs who worked during the purported class period and who did not already settle and release all of their claims in *Campanelli* is just 64 individuals, and all of those are located in California to Hershey's knowledge.  (*See* Miller Decl. ¶ 6.)  Moreover, 38 of those 64 individuals already received a Court-approved solicitation in the *Campanelli* matter and yet chose not to opt-in to that case. And although there are 18 California RSRs who did not receive notice of the *Campanelli* matter (*see* Miller Decl. ¶ 6), even if 50 percent of those RSRs were interested in joining this lawsuit – an entirely unrealistic assumption given the 20 percent of RSRs in California that opted into the *Campanelli* case (*see* Miller Decl. ¶ 5) – that would only yield 9 additional party plaintiffs.  Even combining this generous estimate with (i) the six named Plaintiffs from California, and (ii) the two individuals from California who opted into *Campanelli* but then worked after the release period, yields a total of only 17 class members.  The Ninth Circuit concluded that a comparable number of class members – 13 – did not render joinder impracticable in *Doninger*, 564 F.2d at 1309, and this Court has held that 17 or more putative class members did not make joinder impracticable.  *See Tuttle v. Sky Bell Asset Mgmt.*, No. C 10-03588 WHA, 2011 WL 5118454, at *4 (N.D. Cal. Oct. 28, 2011) (denying certification of proposed class of 17 individuals because numerosity requirement was not met).  *See also Lymburner v. U.S. Fin'l Funds, Inc.*, 263 F.R.D. 534, 538 (N.D. Cal. 2010) (explaining that numerosity is typically not found for classes consisting of less than 21 individuals).  *See also In the Matter of Shulman Transport Enters.*, 33

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

10

POINTS & AUTHORITIES IN SUPPORT OF
MOTION TO DENY CLASS CERTIFICATION
CASE NO. 3:11-CV-05117 BZ

B.R. 383, 386 (S.D.N.Y. 1983) (40 potential class members did not satisfy numerosity requirement), *aff'd* 744 F.2d 293 (2d Cir. 1984).

Further, even if all of the 18 California RSRs who did not receive notice of the *Campanelli* matter were interested in joining this lawsuit, that would result in only 26 party plaintiffs from California. Plaintiffs can hardly argue that the joinder of 26 California plaintiffs would be impracticable given that they have already purported to join the claims of 31 individuals in this action.

In sum, Plaintiffs' inability to satisfy the numerosity requirement of Federal Rule 23(a) is an alternative basis to deny certification.

### 2. Plaintiffs Cannot Establish That They Adequately Represent or Are Typical of the Putative Class Members.

The Court also may deny class certification for the additional, independent reasons that Plaintiffs: (1) will not fairly and adequately represent the interests of the class; and (2) are not typical of the members of the putative class. Rule 23(a)(4) requires Plaintiffs to show that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Court must "evaluate carefully the legitimacy of the named plaintiff's plea that he is a proper class representative." *General Tel. Co. v. Falcon*, 457 U.S. 147, 160 (1982). Similarly, Federal Rule 23(a)(3) requires the proposed representatives to show the existence not only of "questions of law or fact common to the class" but that the representative's claims are "typical" of the claims of the rest of the class. Fed. R. Civ. P. 23(a)(2)-(3). Both the adequacy and typicality analyses ultimately require an ***alignment of interests*** between the class representatives and the members of the putative class. *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) ("[t]he purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class"); *True v. Am. Honda Motor Co.* 749 F. Supp. 2d 1052, 1065 (C.D. Cal. 2010) (observing that "[t]o represent adequately a class, class representatives' interests must align with all putative class members' interests") (internal citation omitted).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

11

POINTS & AUTHORITIES IN SUPPORT OF
MOTION TO DENY CLASS CERTIFICATION
CASE NO. 3:11-CV-05117 BZ

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Here, Plaintiffs are neither adequate nor typical because their interests are not aligned with the interests of most of the putative class members.  As the extremely low opt-in rate among California RSRs in *Campanelli* establishes, the overwhelming majority of Hershey's California RSRs are not interested in pursuing this litigation against Hershey.  (*See* Miller Decl. ¶¶ 4-5.)  As the *Leuthold* opinion explained, a Federal Rule 23 class action deprives the putative class members of control over their individual claims.  224 F.R.D. at 469-70.  For all the reasons set forth above, including the small number of additional California RSRs who could be expected to participate in this action (if any) and thus who could seek to advance their claims through other joinder devices, there is no need for a Federal Rule 23 class action and the resulting limits on individuals' control over their claims.  This is particularly true considering that a class action is merely one procedural option among multiple joinder mechanisms and the Supreme Court's recent guidance that class actions should be an exception to the usual preference for individual litigation.  *See Dukes*, 131 S.Ct. at 2550.  Plaintiffs' renewed attempt to certify a Rule 23 class ignores the interests of the putative class members, the majority of whom expressed their lack of interest by affirmatively choosing not to opt-in to *Campanelli*, and thus sets Plaintiffs at odds with the very individuals they purport to represent.  This Court should deny class certification for the additional reason that Plaintiffs cannot meet their burden under the adequacy and typicality requirements of Federal Rule 23(a).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

12

POINTS & AUTHORITIES IN SUPPORT OF
MOTION TO DENY CLASS CERTIFICATION
CASE NO. 3:11-CV-05117 BZ

**IV.      CONCLUSION**

For the foregoing reasons, and consistent with the ruling in *Campanelli*, Hershey respectfully requests that the Court issue an Order denying certification of Plaintiffs' putative Federal Rule 23 class action claims and striking the class-wide allegations from Plaintiffs' Amended Complaint.

Dated:  January 20, 2012
        Philadelphia, Pennsylvania                    MORGAN LEWIS & BOCKIUS, LLP

                                                      By:  /s Michael J. Puma
                                                           Michael J. Puma

                                                      *Counsel for Defendant, The Hershey Company*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

13

POINTS & AUTHORITIES IN SUPPORT OF
MOTION TO DENY CLASS CERTIFICATION
CASE NO. 3:11-CV-05117 BZ