```
                                        Pages 1 - 15

            UNITED STATES DISTRICT COURT

           NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Bernard Zimmerman, Magistrate Judge

 Ryan Zulewski, et al,           )
                                 )
         Plaintiff,              )  No. C11-5117 NC
     vs.                         )
                                 )
 The Hershey Company,            )
                                 )
         Defendant.              )
                                 )
─────────────────────────────────
                                 )
 Julie Campanelli, et al,        )
                                 )  No. C08-1862 BZ
         Plaintiff,              )
 vs.                             )
                                 )
 The Hershey Company,            )
                                 )
         Defendant.              )
─────────────────────────────────

                    San Francisco, California
                    Tuesday, January 10, 2012
```

**TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND RECORDING**

**APPEARANCES:**

For Plaintiff:
                    The Brandi Law Firm
                    44 Montgomery St. Suite 1050
                    San Francisco, CA 94104
               **BY:  BRIAN J. MALLOY**
                    **ATTORNEY AT LAW**

           **(APPEARANCES CONTINUED ON FOLLOWING PAGE)**


Transcribed By:     Stacy Wegner
                    Transcriber
                    smwtyping@yahoo.com
                    (859) 539-2802

**APPEARANCES:   (Continued)**

For Plaintiff (continued):
                Hoban & Feola LLC
                1626 Wazee Street, Suite 2A
                Denver, CO 80202
      **BY:   DAVID C. FEOLA**
            **ATTORNEY AT LAW**

For Defendant:
                Morgan, Lewis n Bockius LLP
                1701 Market Street
                Philadelphia, PA 19103
      **BY:   MICHAEL J. PUMA**
            **ATTORNEY AT LAW**

| | |
|---|---|
| 1 | <u>Tuesday, January 10, 2012</u>                                    4:05 p.m. |
| 2 | |
| 3 | **THE CLERK**:  All rise.  The Honorable Bernard |
| 4 | Zimmerman presiding.  You're at the District Court, Northern |
| 5 | District of California. |
| 6 | Calling Civil Case Number 11-5177 and Case Number |
| 7 | 08-1862, Campanelli versus The Hershey Company, Zulewski |
| 8 | versus The Hershey Company. |
| 9 | **THE COURT**:  Counsel, let's -- |
| 10 | **THE CLERK**:  Counsel, please state your appearance. |
| 11 | **MR. MALLOY**:  Good afternoon, Your Honor.  Brian |
| 12 | Malloy for the Plaintiffs. |
| 13 | **THE COURT**:  Mr. Malloy, good to see you again.  And |
| 14 | do you represent the Plaintiffs in both of these actions? |
| 15 | **MR. MALLOY**:  Yes, Your Honor. |
| 16 | **THE COURT**:  All right.  Who's on the line for the |
| 17 | Defendants? |
| 18 | **MR. PUMA**:  Good afternoon, Your Honor.  This is |
| 19 | Michael Puma from Morgan Lewis for Hershey Company. |
| 20 | **THE COURT**:  All right.  Anyone else on the line?  I |
| 21 | think, Mr. Puma -- |
| 22 | **MR. FEOLA**:  Yes, Your Honor. |
| 23 | **THE COURT**:  -- you may be new to this case? |
| 24 | **MR. PUMA**:  I am, Your Honor. |
| 25 | **MR. FEOLA**:  David Feola. |

```
 1            MR. MALLOY:  Your Honor, David Feola, our co-
 2   counsel, is also on the line.
 3            THE COURT:  All right.
 4            MR. MALLOY:  And -- and Thomas Brandi, who -- who is
 5   lead counsel in Campanelli, and will also be in this case,
 6   he's had an appointment that he could not change.
 7            THE COURT:  Well, what is this case?  What is
 8   Zulewski and exactly how does it relate to Hershey?
 9            MR. MALLOY:  Well, Your Honor, it was filed at the
10   end of October 2011, and at that time it was 12 -- and just --
11   just going back, the Campanelli case had to deal with
12   overtime --
13            THE COURT:  Right.
14            MR. MALLOY:  -- violations involving the -- the
15   retail sales representative position --
16            THE COURT:  Uh-huh.
17            MR. MALLOY:  -- at Hershey, and it was a collective
18   action.  It was not a class action.
19            THE COURT:  Uh-huh.
20            MR. MALLOY:  And the parties resolved the claims and
21   the --
22            THE COURT:  Well, it started, I think, as a class
23   action.  As I remember, I didn't certify the class.
24            MR. MALLOY:  Correct.
25            THE COURT:  What I ruled was I would allow an opt-in
```

```
 1   class, and then California people who was -- it was a small
 2   handful -- they can simply opt-in.  That was the most
 3   expeditious way of resolving their dispute.
 4           MR. MALLOY:  Correct.
 5           THE COURT:  Okay.  So how -- how is this claim
 6   different?
 7           MR. MALLOY:  Well, Your Honor, it's the same,
 8   really, overtime violations for the same position, except it
 9   involves people who were not part of the Campanelli case.
10           After Campanelli was resolved -- it only applied to
11   the 120 people who opted into the case.
12           THE COURT:  It's 130, if I remember correctly, but
13   yes.
14           MR. MALLOY:  And so initially it was filed on behalf
15   of 12 people who --
16           THE COURT:  Right.
17           MR. MALLOY:  -- who were not part of that case.
18           THE COURT:  Uh-huh.
19           MR. MALLOY:  Basically, they -- I mean, I don't want
20   to waive any attorney-client stuff, but we were contacted, and
21   they wanted to assert their claims and --
22           THE COURT:  Well, is this a different time period?
23           MR. MALLOY:  Well, it would -- Your Honor, our --
24   our position is it -- this case would go back four years for
25   the Californians and three years for the RSRs.
```

1             These RSRs, Your Honor, they had not had their
2  claims adjudicated in Campanelli.
3             **THE COURT:**  This is because they declined to opt-in?
4             **MR. MALLOY:**  Correct.
5             **THE COURT:**  Oh.
6             **MR. MALLOY:**  Correct.
7             **THE COURT:**  And now they want --
8             **MR. MALLOY:**  They didn't --
9             **THE COURT:**  And now they want another action?
10            **MR. MALLOY:**  Well, now they want to assert their
11 overtime claims.  In the notice that went out from this
12 Court --
13            **THE COURT:**  Right.
14            **MR. MALLOY:**  -- in Campanelli, it advised them that
15 there was this ongoing proceeding.  That if you want to assert
16 your overtime claims, you had to affirmatively opt-in to the
17 case and sign and consent the join form.
18            And it -- the notice also advised them if they did
19 not want to join the case, they didn't have to do anything.
20            **THE COURT:**  Uh-huh.
21            **MR. MALLOY:**  So the case -- we had the opt-in
22 period.  The opt-in period closed.  We had motion practice.
23 We had rulings on various motions.  We almost had a trial
24 and --
25            **THE COURT:**  I remember that well.

1        **MR. MALLOY:**  And -- and the case resolved on -- on
2   the eve of trial.  And your -- your orders -- your orders --
3   in particular, your order granting the Plaintiff's motion for
4   summary judgment, it only applied to the 120 who had opted in.
5   And -- and the settlement that was entered into only applied
6   to the 120 who were part of the case.
7        **THE COURT:**  Right.
8        **MR. MALLOY:**  And so now there are these other RSRs
9   who -- who now want to assert their claims.
10        **THE COURT:**  And this is some -- looks like there are
11   about 20 of them?
12        **MR. MALLOY:**  There are 31.
13        **THE COURT:**  31 of them.
14        **MR. MALLOY:**  Yeah.
15        **THE COURT:**  Okay.  Interesting.  I don't know what
16   the law is.  I -- the idea -- it doesn't seem to me like there
17   could sort of be infinite piecemeal litigation, but I guess I
18   don't know what the rules are.
19        But look, let me tell you why I wanted to talk to
20   you.  I think we're getting maybe a little more further into
21   the merits than we need.  I see the stipulation and -- and so
22   on, but you may or may not know that I'm retired, and I'm
23   sitting on recall because I wanted to finish up my caseload.
24   As of the first of January, I have 24 cases left on my consent
25   docket.

1    I -- my recall period expires June 1st.  I'm not
2 sure what I'll do past June 1st, but I will not ask to be
3 recalled with staff, which is what I was, which is why I have
4 the staff because I do not intend to perform "substantial
5 service."
6    So I wanted to make sure you knew that because if
7 there's something I can do to help you in the next several
8 months, I'm certainly willing to do this, but if you're
9 basically -- the -- the Campanelli litigation took several
10 years, as I remember.  I think you started before Judge
11 Brazil, so you've been through one retired magistrate judge
12 and that's how you got to me.
13    If I can help you in the next several months, I'm
14 willing to do it.  If you are basically looking for another
15 litigation, I'm just wondering whether it makes sense for me
16 to relate these cases.  You'd only have to start over again
17 before somebody else.
18    I don't know who you've been assigned to.  Is
19 this --
20    **MR. MALLOY**:  Magistrate Cousins.
21    **THE COURT**:  Judge -- Judge Cousins.  Well, you might
22 want to just start off with Judge Cousins.
23    **MR. PUMA**:  (Inaudible - - due to simultaneous
24 colloquy.)
25    **THE COURT**:  So I just wanted to make that

```
 1   disclosure, and I don't know whether that will affect your
 2   stipulation or not.  They probably are related, in the sense
 3   of our Local Rules on related case, but the whole purpose of
 4   having related cases is to -- the efficient administration of
 5   justice, and I don't know how efficient it would be to relate
 6   this case to me.  So that's what I wanted to tell you all.
 7          Now, having said that, I don't know whether you need
 8   to talk to your clients or you've already thought of this or
 9   how you want to proceed, so I'll start with you, Mr. Malloy,
10   you're in the courtroom.
11          MR. MALLOY:  Yeah.  But, Your Honor, I -- I think
12   this case is the last -- the Campanelli matter took three
13   years.
14          THE COURT:  Three years.
15          MR. MALLOY:  Little -- little over three years.  I
16   don't anticipate this case taking anywhere near that long.
17          I know Mr. Brandi and Mr. Puma have been conferring
18   about, you know, the use of certain discovery in the
19   Campanelli case for this case.  And so there wouldn't have to
20   be, you know, massive document production and -- and disputes
21   concerning that or -- or depositions.
22          And -- and so as to length -- I mean, I -- I would
23   think the length would be much less than three years.  I don't
24   necessarily know though if it would be six months.
25          THE COURT:  Well, I can't -- you know, I actually
```

```
 1   was exchanging emails with my Chief.  We're trying to figure
 2   out what will happen after June 1st.  You get recalled a year
 3   at a time, and the recall has to be approved by the circuit.
 4   So I can -- I can offer no commitment as to what I will be
 5   able to do after June 1st.
 6            Mr. Puma, you've --
 7            MR. PUMA:  Yes, Your Honor.
 8            THE COURT:  You've been very patient listening to
 9   us.  Do you have any views on the subject?
10            MR. PUMA:  Well, Your Honor, I -- I -- I talked to
11   Tom -- I talked to Tom Brandi quite a few times.  We talked
12   about this situation, and -- and we understood that -- that
13   you may be retired and that that recall -- that was actually
14   why Tom indicated he had a dozen other cases related
15   originally.
16            When we then understood that you were still active,
17   we thought it made a lot of sense to be in front of you.  And
18   I -- I -- I can just -- I can tell you is, like I told Mr.
19   Brandi, exactly what we're planning to do.
20            Next week we're planning to answer the complaint,
21   file a motion to deny certification under the California State
22   law claims for largely the same reasons, and some additional
23   reasons now that your -- Your Honor identifies the basis for
24   this in the order last time.
25            And I think that Mr. Brandi is intending to in the
```

1  near future move for conditional certification, which is the
2  motion that you addressed last time.  And we've already
3  started talking about that motion.
4          And, you know, I've raised some of the same concerns
5  you have, Your Honor, that there were 500 plus people who got
6  noticed last time and chose not to opt-in, and I started doing
7  research on it.  It's an interesting issue, but I don't
8  believe that you can just keep peppering people with notices
9  until they finally choose to opt-in.
10         That -- but -- but that -- that's something that we
11 started about and, you know, maybe there could even be an
12 agreement on notice that people who are new hires since the
13 last notice, and we're trying to work those issues.  We've
14 talked about discovery and streamlining that process and
15 potential early ADR.
16         So I think there could be a lot that could happen in
17 the short term, particularly with those two motions, and
18 figuring out where we are with the state law claims and who,
19 if anyone, would be getting notice that I think would, you
20 know, maybe position the case to move along quickly.
21         And that's why, even knowing the situation -- and
22 when I talked to Tom last night, not showing -- not knowing of
23 how long you would be sitting on the bench, Your Honor, we --
24 we thought that -- at least his view at the time was, and my
25 view, was that it -- it probably still makes sense to -- to be

```
 1  in front of you.
 2          THE COURT:  Well, I'm willing to give you whatever
 3  time I can.  I suppose if when motions are filed, I'm not in a
 4  position to deal with them, I guess I can talk to you at that
 5  point about reassignment.
 6          I will say this.  I don't -- I'm just thinking again
 7  out loud.  Unless there's been some intervening change in law,
 8  which I'm not aware, it's not clear to me why my view on the
 9  state class would be any different than it was last time.
10          If anything, it would even be more so because I
11  think then -- I mean, whatever the number is that was in the
12  state class -- I remember it being a comparatively small
13  number -- it's going to be less now because presumably some of
14  the California folks were part of a hundred and -- and -- I
15  thought it was 30, but 120, whatever the number was that wound
16  up opting in.  I have a recollection that maybe 20 some were
17  California residents?
18          MR. MALLOY:  I -- I -- I think you're correct.
19          MR. PUMA:  You know, Your Honor, it is a small
20  number.  That's part of the motion.  I mean, part of the
21  motion is just recognizing the same reasoning that you had in
22  your prior order.  Part of it is *Smith v. Bayer* and courts
23  respecting prior certification decisions.
24          But it's -- also, it is -- I mean, we offer the
25  argument that, you know, it's difficult to say that joinder is
```

1  impracticable to such a small group where 30 people have
2  already joined their claim, so -- but we'll -- I started
3  talking to Tom about that.  We'll -- we'll tee that all up.
4          **THE COURT**:  All right.
5          **MR. PUMA**:  I think that, you know, that can be
6  addressed by the Court maybe relatively early, and I think
7  there was going to be a motion for additional certification
8  relatively early is -- is what I'm hearing.
9          **THE COURT**:  Okay.  Well, look, as far as I'm
10 concerned, if I can help you in the few months that I know
11 that I will continue to be a judge, I'm willing to try.  I'll
12 go ahead.  I'll sign the certification order.
13         If it turns out that you wind up asking for things
14 that I don't think I can, you know, deal with in -- in the
15 time I have, then at that point I would simply ask that this
16 matter be reassigned.
17         It's conceivable that when I get -- as I say, I've
18 been talking to the Chief Judge, or I've been trying to talk
19 to the Chief Judge, to kind of explore what the options will
20 be come June 1st, but I -- one option that I'm not prepared to
21 explore is -- because I know it won't happen -- is a -- is the
22 -- we have -- there are various levels of recall, depending on
23 what you are prepared to commit to do.
24         To -- to get staff, you need to basically be
25 prepared to do a lot of work, and I -- I was willing to do

```
 1   that to finish up my caseload.  I -- I was telling my staff I
 2   think I've tried more cases on recall into the year, you know,
 3   on a -- on a -- on a relative basis than before.
 4           So they've been (inaudible) to clean up your
 5   calendars just -- now as you're about to leave, I mean, it all
 6   comes out.  And I've got a couple more left that I have to
 7   try.  I have another trial schedule in about three weeks, but
 8   I'm not going to do that again.
 9           Now, there are options short of that, but I don't
10   know whether I'd be in a position to give you the kind of
11   commitment or have the resources available to stay with this
12   case for, you know, a long -- a much longer period of time.
13           But I'll -- but as long as you understand what my
14   restrictions and limitations are, I'll go ahead.  I'll get it
15   recalled -- I'll get it related.  And -- and then if it turns
16   out that I'm not of much help to you, I'll just at that point
17   ask that it be reassigned.  Okay?
18           **MR. MALLOY**:  Okay.
19           **THE COURT**:  All right.
20           **MR. PUMA**:  Thank you, Your Honor.
21           **THE COURT**:  I think you submitted a proposed order?
22           **MR. PUMA**:  We did, Your Honor.
23           **THE COURT**:  If you didn't -- if you didn't, I can
24   deal with it.  And -- and I look forward to being of whatever
25   help I can.
```

```
1          MR. MALLOY:  Thank you.
2          MR. PUMA:  Thank you.
3          THE COURT:  We're adjourned.
4          MR. FEOLA:  Thanks a lot.
5              (Proceedings adjourned at 4:21 p.m.)
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

## CERTIFICATE OF TRANSCRIBER

I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U. S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.

*[Signature]*  2/13/2012

Signature of Transcriber       Date