United States District Court
Northern District of California

RYAN ZULEWSKI, et al.,

    Plaintiffs,

v.

THE HERSHEY COMPANY,

    Defendant.

Case No.: CV 11-05117 KAW

ORDER SCHEDULING CASE MANAGEMENT CONFERENCE; PENDING DISCOVERY DISPUTE

The parties filed their Joint Status Report on August 15, 2012. Dkt. No. 211. On September 18, 2012, the parties filed a Joint Discovery Letter outlining their unresolved discovery disputes. Dkt. No. 215.

The Court recognizes that this action would benefit from 1) a determination as to which plaintiffs have properly opted-in to the action; and 2) a determination as to the proper measure of FLSA overtime damages. The Court also recognizes that it is the stated intent of the parties to have this action be the last such case filed against Defendant Hershey concerning the alleged misclassification of RSRs, who have since been reclassified as non-exempt employees.

To address these issues, the Court will hold a Case Management Conference on Tuesday, November 20, 2012 at 1:30 p.m. in Courtroom 4, 1301 Clay Street, Oakland, CA 94612. In the interest of judicial efficiency, the parties should also be prepared to discuss the Joint Status Report and the discovery process generally in light of *Campanelli*.

Therefore, in addition to filing a joint case management conference (CMC) statement pursuant to the Local Rules, IT IS ORDERED:

1. The parties shall include in their CMC statement the names of the "opt-in" plaintiffs that are in dispute and the nature of the disagreement.

2. On or before October 17, 2012, Plaintiffs' counsel shall file a declaration listing all individuals who postmarked their opt-in forms after the July 13, 2012 deadline.

3. On or before October 24, 2012, all individuals who filed late opt-in forms shall submit an affidavit showing good cause as to why their forms were not postmarked by the deadline. Failure to submit a timely affidavit may result in an individual plaintiff's exclusion from this action.

4. As the opt-in forms were not docketed in such a way that the Court can match a specific plaintiff to their opt-in form from the docket text, Plaintiffs shall provide the Court with a searchable list or chart (in either Microsoft Excel or Microsoft Word) that matches each opt-in plaintiff with the corresponding docket number of his/her opt-in form, as well as a column that lists which notice group(s) he/she was included in.  Plaintiffs shall electronically serve a copy of this document on the docket and also email the searchable Word/Excel version to the Court at *kawpo@cand.uscourts.gov* by October 31, 2012.

5. The issue of the proper measure of FLSA damages and the names of the plaintiffs properly opted-in will be discussed at the CMC.

6. Since private mediation proved unsuccessful, any stays in discovery are lifted, and the parties are ordered to substantively meet and confer to narrow the disputes articulated in the 9/18/2012 Joint Discovery Letter, and discuss how they wish to proceed.  Should any disputes remain after meeting and conferring pursuant to the Court's Standing Order, the parties are ordered to submit another joint letter consistent with the Standing Order, such that each individual dispute is clearly identified and each party's final, substantive position is articulated.  The 9/18/2012 letter failed to comply with the Standing Order, as it more closely resembled moving papers rather than the joint letter described in the Order.  The parties are urged to resolve as many disputes as possible without the need for court intervention.  To the extent that responses to discovery have not been produced because of a misunderstanding regarding the stay, they should now be produced no later than thirty (30) days from the date of this order.  Should the parties wish to discuss any remaining discovery disputes at the CMC, a new joint letter should be filed by

///

///

///

1  October 31, 2012.  Any outstanding discovery issues will be addressed at the CMC.
2      IT IS SO ORDERED.
3  Dated: October 10, 2012

_____
KANDIS A. WESTMORE
United States Magistrate Judge

3