United States District Court
Northern District of California

RYAN ZULEWSKI, et al.,

    Plaintiffs,

  v.

THE HERSHEY COMPANY,

    Defendant.

Case No.: CV 11-05117 KAW

ORDER RE 10/31/12 JOINT LETTER

Before the Court is a joint discovery dispute letter filed on October 31, 2012. (Dkt. No. 219). The letter concerns five disputes pertaining to Plaintiffs' interrogatories and requests for production of documents. (Dkt. No. 219.) The pending discovery disputes were discussed at the Initial Case Management Conference on November 20, 2012, and the parties agreed to several limitations to discovery and to further meet and confer as needed. Therefore, Court orders Defendant to produce documents and relevant information pursuant to the limitations set forth below.

## I.     LEGAL STANDARD

Subject to the limitations imposed by subsection (b)(2)(C), under Rule 26, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense...." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

However, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery in has had ample opportunity to obtain the information by discovery in the action; or (3) the burden or

expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).

## II. DISCUSSION

### 1. Interrogatory No. 6

Interrogatory No. 6 asked "[i]f the answer to Interrogatory No. 2 is anything other than an unqualified "yes," state how many hours, on average, YOUR Retail Sales Representatives work in excess of 40 hours per week." Interrogatory No. 2 asked if Hershey had determined if the RSRs work, on average, 7.5 hours in excess of 40 hours per week, to which Hershey responded with a "no." In response to Interrogatory No. 6, Hershey provided only objections and declined to answer further.

Per the agreement of the parties, Defendant shall produce REX data in a usable format, such as Microsoft Excel. If the data is not available in a usable format, the parties shall further meet and confer.

### 2. Interrogatory No. 7

Interrogatory No. 7 asked Hershey to "[i]dentify all facts supporting YOUR Affirmative Defenses set forth in YOUR 'Answer and Defenses to Plaintiffs' Purported Amended Collective and Class Action Complaint.'" Hershey asserted 24 defenses, and while Plaintiffs are entitled to discover the factual basis underlying each of these defenses, this contention interrogatory is premature, as discovery has not yet been taken. For that reason, Hershey does not have to supplement its response at this time.

### 3. Request for Production Nos. 3 and 4

Request No. 3 sought all documents "regarding YOUR determination that a Retail Sales Representative works 7.5 hours of overtime, on average, each week" and Request No. 4 sought all documents "regarding any analysis or time studies regarding YOUR determination that a Retail Sales Representative works 7.5 hours of overtime, on average, each week." Hershey provided only objections. At the hearing, as described above, Hershey agreed to produce REX data in a usable format, which Plaintiff can then analyze.

**4. Request for Production No. 5**

Request No. 5 sought all documents "regarding any litigation hold notices that YOU have sent to YOUR sales force regarding this lawsuit." Plaintiffs contend that the hold notices go to Defendant's mental state and willfulness. Defendant claims work product and attorney-client privilege. Defendant is ordered to produce any non-privileged documents and a privilege log for any privileged documents.

**5. Request for Production Nos. 7 and 8**

Request No. 7 sought all documents "regarding YOUR decision to reclassify the Retail Sales Representative position as non-exempt from federal and state overtime laws." Hershey objected and refused to produce any responsive documents. The parties have agreed to further meet and confer and potentially have Hershey produce a deponent to address this issue.

Request No. 8 sought all documents "regarding YOUR announcement to the Retail Sales Representatives regarding YOUR decision to reclassify the Retail Sales Representative position as non-exempt from federal and state overtime laws." This request is hereby limited to all communications to the RSRs, including a copy of the video that Hershey created and exhibited to its RSRs to explain their reclassification and the new compensation plan, as well as any handouts that were distributed to employees regarding same.

### III.   CONCLUSION

For the foregoing reasons, Defendants are ordered produce all responsive documents subject to the parameters set forth above within thirty (30) days of this order.

IT IS SO ORDERED.

Dated: December 3, 2012

KANDIS A. WESTMORE
United States Magistrate Judge