1  MORGAN, LEWIS & BOCKIUS LLP
   REBECCA EISEN, STATE BAR NO. 96129
2  One Market, Spear Street Tower
   San Francisco, CA  94105-1126
3  Telephone:  415.442.1000; Facsimile: 415.442.1001
   E-mail: reisen@morganlewis.com

4  MORGAN, LEWIS & BOCKIUS LLP
   MICHAEL J. PUMA (admitted *pro hac vice*)
5  1701 Market Street
   Philadelphia, PA  19103
6  Telephone:  215.963.5000; Facsimile:  215.963.5001
   Email: mpuma@morganlewis.com

7  Counsel for Defendant, The Hershey Company

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| RYAN ZULEWSKI, JOHN DAVIS, ALEX LANGAN, NICHOLAS ESPOSITO, BRANDON TURNER, SHARRELL FISHER, JAY COOK, MARKESSA CARTER, RACHEL ECKROTH, CHRISTINA TYSON, SHANE HUEY, DOMINICK IPPOLITO, ROBERT CHURNEY, HARRY KLOS, CONSTANCE COLE, BRITTANY DANGERFIELD, TRACY DEBUS, TERESA FLORES, CASSANDRA HALE, BRETT KITTERMAN, AMY KRAMER, CHRIS LANDERS, KIMBERLY LEKARCYK, TYLER MCKENZIE, ANDREW MEEK, DAVID RISSER, SUSAN SPOHN, MIKE THOMPSON, YOLANDA TURNER, JENNA VERRASTRO, and ERIN WADLEY, on their own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE HERSHEY COMPANY,<br><br>Defendant. | Case No. 4:11-CV-05117 (KAW)<br><br>**[Hon. Kandis A. Westmore]**<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DENY CLASS CERTIFICATION**<br><br>DATE:  February 21, 2013<br><br>TIME:  11:00 A.M.<br><br>JUDGE:  Kandis A. Westmore<br><br>**ORAL ARGUMENT REQUESTED** |

**TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that at 11:00 a.m. on February 21, 2013, or as soon thereafter as the matter may be heard, in Courtroom 4 on the 3rd floor of the United States District Court for the Northern District of California, Oakland Division, located at 1301 Clay Street, Oakland, California, 94612, the Honorable Kandis A. Westmore presiding, Defendant hereby will and

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF MOTION AND MOTION TO
DENY CLASS CERTIFICATION
CASE NO. 4:11-CV-05117 KAW

hereby does move the Court to deny class certification.

Plaintiffs seek to certify a Federal Rule 23 class action on behalf of all RSRs in California in addition to the nationwide Fair Labor Standards Act ("FLSA") collective action on behalf of all of Hershey's Retail Sales Representatives ("RSRs") that the Court has already conditionally certified with the consent of The Hershey Company ("Hershey"). As Plaintiffs acknowledge, this action alleges "federal and state overtime violations" that are "virtually identical" to the claims that their same counsel brought against Hershey in a prior case in the Northern District of California that was litigated for years and ultimately settled in 2011, *Campanelli v. Hershey Co.*, Case No. 3:08-cv-01862-BZ (N.D. Cal. filed Apr. 7, 2008). (*See* Amended Complaint (Dkt. No. 12) ¶ 68.) Just as in *Campanelli*, this Court should find as a matter of law that a Federal Rule 23 class action is not a superior method for adjudicating the state law claims of the California RSRs, as is required by Federal Rule 23(b)(3). The superior procedural path, as this Court in *Campanelli* held, would allow California RSRs to opt-in to the FLSA collective action if they wished and have their state law claims adjudicated based on the Court's supplemental jurisdiction. This Court has already begun to follow this procedural path by distributing a separate notice of conditional collective action certification to all 53 California RSRs who were not already plaintiffs in the case allowing them to pursue their California state law claims by opting into this action. Only five of the RSRs who received this notice chose to opt into the case, and of the remaining 48 RSRs, 29 also received notice in *Campanelli* and chose not to opt into that case as well. These RSRs have demonstrated a complete lack of interest in pursuing claims against Hershey and dragging them into this case via class certification is not a superior method of adjudication. Further, Plaintiffs also cannot meet the numerosity, adequacy and typicality requirements of Federal Rule 23(a). Accordingly, Defendant respectfully requests that the Court deny class certification pursuant to Federal Rule 23(c)(1)(A) and strike Plaintiffs' class claims from their Second Amended Complaint pursuant to Federal Rule 23(d)(4).

This motion is made on the grounds set forth above and in the memorandum of points and authorities and the Declaration of Kaley Miller filed in support of Hershey's prior Motion for

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

NOTICE OF MOTION AND MOTION TO
DENY CLASS CERTIFICATION
CASE NO. 4:11-CV-05117 KAW

Class Certification[1] (Dkt. No. 31) and is based on the material referenced therein and such oral argument as may be heard by the Court. This motion has already been fully briefed (*see* Dkt. Nos. 31, 57 & 83) and no further briefing is necessary.

Dated: January 17, 2013
       Philadelphia, Pennsylvania      MORGAN LEWIS & BOCKIUS, LLP

By: /s Michael J. Puma
    Michael J. Puma

*Counsel for Defendant, The Hershey Company*

---

[1] The Court declined to rule on Hershey's prior Motion to Deny Class Certification pending mediation between the parties and this motion was vacated, as were all other pending motions, when this case was reassigned from Judge Zimmerman to Judge Westmore, with an instruction to renotice for a hearing before Judge Westmore. (Dkt. No. 145).