UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN ZULEWSKI, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>THE HERSHEY COMPANY,<br><br>        Defendant. | Case No.: CV 11-05117-KAW<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>(Dkt. No. 227) |

## I. INTRODUCTION

Plaintiffs move for leave to file a second amended complaint. Defendant The Hershey Company ("Hershey") opposes the motion.

On January 17, 2013, the Court held a hearing, and after careful consideration of the parties' arguments, the Court GRANTS Plaintiffs leave to amend their complaint to add as named plaintiffs current opt-in plaintiffs Darrin McGowan and Juanita Avila; to add a Fifth Cause of Action for FLSA Retaliation brought by plaintiffs Tyler McKenzie, Darrin McGowan, and Juanita Avila for termination as a result of joining *Campanelli* and the instant case; and to remove Shane Huey as a plaintiff in this action.

## II. BACKGROUND

On October 19, 2011, Plaintiffs filed a Fair Labor Standards Act (FLSA) collective action alleging that their retail service representatives ("RSRs") position was misclassified, such that hey were wrongfully denied compensation for all hours worked over forty hours per week. (*See* Compl., Dkt. No. 1.) At the Case Management Conference on November 20, 2012, Plaintiffs advised the Court of its intention to file a motion for leave to file a second amended complaint to add a cause of action for FLSA retaliation on behalf of one current named plaintiff and two

current opt-in plaintiffs. The Court ordered that Plaintiffs file their motion by December 14, 2012. (Dkt. No. 222.) Plaintiffs filed the current motion on December 12, 2012. (Dkt. No. 227.)

### III. DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that leave of the court to allow a party to amend its pleading "shall be freely given when justice so requires." Leave to amend lies within the sound discretion of the trial court, which "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (citations omitted). Thus, Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).

Courts consider five factors when assessing the propriety of a motion for leave to amend: undue delay, bad faith, futility of amendment, prejudice to the opposing party and whether the plaintiff has previously amended the complaint. *Ahlmeyer v. Nev. Sys. of Higher Educ.,* 555 F.3d 1051, 1055 n.3 (9th Cir. 2009). Futility, on its own, can justify denying a motion to amend. Id. at 1055. An amendment that adds a cause of action is futile if it fails to state a claim upon which relief could be granted. *Townsend v. Univ. of Alaska*, 543 F.3d 478, 486 n.6 (9th Cir. 2009).

Plaintiffs seek to amend their complaint to add a Fifth Cause of Action for FLSA Retaliation brought by plaintiffs Tyler McKenzie, Darrin McGowan, and Juanita Avila based on their alleged termination as a result of joining the *Campanelli* case and the instant *Zulewski* case. This amendment requires that current opt-in plaintiffs McGowan and Avila become named plaintiffs.

Defendant opposes Plaintiffs' motion on the basis that amendment that it would cause undue delay, would unduly prejudice Defendant, and amendment would be would be futile because plaintiffs were terminated for non-retaliatory reasons. The Court disagrees.

First, while Plaintiffs waited several months to seek leave to amend after the termination of each of the three plaintiffs, at the time of the terminations the parties were engaged in early mediation in an attempt to resolve the case. Upon each plaintiff's termination, Plaintiffs timely provided Hershey with notice of their intent to seek leave to amend, and sought to do so once

mediation failed. In addition, there is little additional discovery required, as part of the discovery process will be to produce the personnel files of all plaintiffs, and Defendant Hershey is already in possession of those documents.

Second, any potential prejudice to Hershey could be resolved through bifurcation at trial. The parties have agreed to address this issue at a later date.

Third, Hershey contends that amendment would be futile. In assessing "futility," the court uses the same legal sufficiency standard it applies under Rule 12(b)(6). *See Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)(citing 3 Moore's Federal Practice ¶ 15.08[4], at 15-81 (2d ed. 1993)). The FLSA has an anti-retaliation provision that provides that it is unlawful "to discharge...any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter...." *See* 29 U.S.C. § 215(a)(3). For that reason, Plaintiffs' allegations, if true, state a cause of action for which relief may be granted.

In addition, there are several factors weighing in favor of allowing amendment, namely judicial efficiency and the conservation of judicial resources. Hershey reclassified the RSR position as non-exempt in January 2012, so RSRs are now hourly employees who receive overtime compensation. For that reason, the instant action is supposed to be the last FLSA collective action involving the RSR classification at The Hershey Company. Also, by trying the retaliation claim alongside other related personnel matters, the parties are able to avoid the duplication of discovery and the court's time and resources that would be necessarily expended if this cause of action were to be tried separately.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion for Leave to File a Second Amended Complaint to:

1. Add as named plaintiffs current opt-in plaintiffs Darrin McGowan and Juanita Avila;
2. Add a Fifth Cause of Action for Retaliation under the FLSA brought by named plaintiff Tyler McKenzie and opt-in plaintiffs, Darrin McGowan and Jaunita Avila;

///

3. Remove as a plaintiff Shane Huey, who has dismissed his claims.

Plaintiffs are ordered to file their Second Amended Complaint within 14 days of this order.

IT IS SO ORDERED.

Dated: January 29, 2013

_____
KANDIS A. WESTMORE
United States Magistrate Judge