United States District Court
Northern District of California

RYAN ZULEWSKI, et al.,

        Plaintiffs,

    v.

THE HERSHEY COMPANY,

        Defendant.

Case No.: CV 11-05117 KAW

ORDER DENYING DEFENDANT'S MOTION FOR CERTIFICATION OF FEBRUARY 20, 2013 ORDER FOR INTERLOCUTORY APPEAL

On February 28, 2013, Defendant The Hershey Company ("Hershey") filed its motion for an order certifying an interlocutory appeal of the Court's February 20, 2013 order on the question of whether the one-and-one-half premium is the correct multiplier for the calculation of overtime damages in misclassification cases under the Fair Labor Standards Act. (Dkt. No. 244.)  The matter is fully briefed by the parties, and, in accordance with Civil L.R. 7-1(b), is deemed suitable for disposition without hearing, so the April 4, 2013 hearing date is VACATED.

Having considered all the papers submitted by the parties, and for the reasons set forth below, the Court DENIES Defendant's motion.

## I.  LEGAL STANDARD

A district court, in its discretion, may certify an issue for interlocutory appeal under 28 U.S.C. § 1292(b) if (1) there is a "controlling question of law," (2) on which there is "substantial ground for difference of opinion," and (3) "an immediate appeal...may materially advance the ultimate termination of the litigation...." *See In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1982).

"Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002). Thus, the court should apply the statute's requirements strictly,

1   and should grant a motion for certification only when exceptional circumstances warrant it.

2   *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). The party seeking certification to

3   appeal an interlocutory order has the burden of establishing the existence of such exceptional

4   circumstances. *Id.* Even then, a court has substantial discretion in deciding whether to grant a

5   party's motion for certification.

## II. DISCUSSION

7       As the moving party, Hershey bears the burden of establishing exceptional circumstances,

8   which requires (1) a controlling question of law, (2) substantial grounds for difference of opinion,

9   and (3) that immediate appeal may materially advance the ultimate termination of the litigation. *In*

10  *re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1982).

11      First, as to whether there is a controlling question of law, Hershey asserts that the question

12  of determining the proper overtime premium is controlling because it "dramatically affects the

13  exposure in the case and thus any ability to negotiate a resolution at this time." (Def.'s Mot., 5:11-

14  12.) This is generally true in most litigation, as the more certainty the parties have, the greater the

15  likelihood of settlement.

16      In *In re Cement*, however, the Ninth Circuit explicitly rejected the view "that a question is

17  controlling if it is one the resolution of which may appreciably shorten the time, effort, or expense

18  of conducting a lawsuit." *In re Cement*, 673 F.2d at 1027. The question of whether the Court

19  determined the correct overtime premium in misclassification cases does not materially affect the

20  outcome of the litigation, because it would not result in the wrong party prevailing, but rather the

21  calculation of any potential final judgment. As Plaintiffs' indicated, should the action proceed to

22  final judgment, Hershey could appeal, and the Ninth Circuit could determine that the FLSA

23  damages calculation was made in error, and either recalculate the damages or remand to this

24  Court to do the same. (Pl.'s Opp., at 4:13-16.)

25      Hershey asserts that the Court's order will affect the conduct of discovery and trial.

26  (Def.'s Mot., at 4-5.) This is based on the possibility that, in light of the Court's order on FLSA

27  damages, Plaintiffs may attempt to withhold discovery relating to whether each RSR understood

28  that his or her salary was compensation for all hours worked. *Id.* The issue of actual

United States District Court
Northern District of California

2

misclassification has yet to be decided, so any such discovery pertaining to the misclassification claim would be relevant and discoverable.  For that reason, the Court's determination of the applicable overtime premium does not limit the scope of discovery and is not a basis for finding the existence of a controlling question of law.

Second, as to whether there are substantial grounds for difference of opinion, Defendant argues, and the Court agrees, that there are such grounds based on the recognized split in the circuits, and that the Ninth Circuit has not definitively ruled on this point of law. *See Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

Third, regarding whether immediate appeal may materially advance the ultimate termination of the litigation, Hershey argues that this district has recognized that the determination of potential damages satisfies the "material advancement" factor. (Def.'s Mot., 7:26-8:3 (citing *S.E.C. v. Mercury Interactive, LLC.*, 5:07-CV-02822-JF, 2011 WL 1335733, at *3 (N.D. Cal. Apr. 7, 2011)).  *Mercury* is not necessarily a representative case for this district, as most courts have found that damages do not constitute "material advancement." *See, e.g., Sonoda v. Amerisave Mortg. Corp.*, C-11-1803 EMC, 2011 WL 3957436, at *3 (N.D. Cal. Sept. 7, 2011)(unspecified damages insufficient to create exceptional circumstances); *F.T.C. v. Swish Mktg.*, C 09-03814 RS, 2010 WL 1526483, at *4 (N.D. Cal. Apr. 14, 2010)(issue of remedy not exceptional when liability had not yet been established).  *Mercury* involved a securities enforcement action pertaining to a years-long, fraudulent scheme to backdate stock options granted to Mercury's senior employees and executives, and involved eleven claims for relief.  The eleventh claim pertained to the disgorgement of bonuses and stock profits under § 304 of the Sarbanes-Oxley Act. *Mercury Interactive,* 2011 WL 1335733, at *1.  The court denied the defendants' motion to dismiss that claim and defendants appealed, so the question on appeal involved an entire cause of action, which happened to represent most of the potential damages.  Unlike *Mercury*, while the instant question would affect the amount of damages, any reversal on appeal would only reduce the damages award rather than eliminate an entire cause of action, such that the parties would still have to litigate the FLSA claim.  For that reason, the instant question does not satisfy the "material advancement" factor.

United States District Court
Northern District of California

3

Despite the existence of a difference of opinion, the question at issue does not satisfy Section 1292(b)'s other two factors, which precludes the existence of the exceptional circumstances required to warrant certification of the order for interlocutory appeal.

### III.CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion to certify its order for interlocutory appeal.  The April 4, 2013 hearing date is VACATED.

IT IS SO ORDERED.

Dated: March 29, 2013

KANDIS A. WESTMORE
United States Magistrate Judge