UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN ZULEWSKI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE HERSHEY COMPANY,<br><br>Defendant. | Case No.: CV 11-05117-KAW<br><br>ORDER GRANTING DEFENDANT S MOTION TO DENY CLASS CERTIFICATION |

On January 17, 2013, Defendant The Hershey Company ("Hershey") re-noticed its motion to deny class certification on behalf of all retail service representatives ("RSRs") in California, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and to strike Plaintiffs' class claims from their Second Amended Complaint.

The matter has been fully briefed by the parties, and in accordance with Civil L.R. 7-1(b), was deemed suitable for disposition without hearing. For the reasons set forth below, the Court GRANTS Hershey's motion to deny class certification under Rule 23.

## I. BACKGROUND

On October 19, 2011, Plaintiffs filed a complaint seeking to certify both a nationwide Fair Labor Standards Act (FLSA) collective action on behalf of all Hershey retail sales representatives ("RSRs") and a Rule 23 class action on behalf of all RSRs in California. (*See* Compl., Dkt. No. 1.) This is the second FLSA case involving RSRs at Hershey,[1] and is expected to be the last, because Hershey reclassified the position as non-exempt in January 2012.

---

[1] This case is related to the first collective action *Campanelli v. The Hershey Company*, C-08-01862-BZ (N.D. Cal.).

On January 20, 2012, Hershey field its original motion to deny class certification. (Dkt. No. 31.) The presiding judge never ruled on the motion. When the case was reassigned, the motion was vacated. On January 17, 2013, Hershey re-noticed the instant motion. (Dkt. No. 232.)

## II. LEGAL STANDARD

The defendant may file a preemptive motion to deny class certification or to strike the class allegations from the complaint even if the plaintiff has not moved to certify the class. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939 (9th Cir. 2009).

Even in cases where the defendant files the motion to deny class certification, the plaintiff bears the burden of demonstrating that each of Rule 23(a)'s four requirements and at least one requirement of Rule 23(b) are met. *Narouz v. Charter Comm'n, LLC*, 591 F.3d 1261, 1266 (9th Cir. 2010). "The four requirements of Rule 23(a) are commonly referred to as 'numerosity,' 'commonality,' 'typicality,' and 'adequacy of representation' (or just 'adequacy'), respectively." *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO v. ConocoPhillips Co.*, 593 F.3d 802, 806 (9th Cir. 2010). Rule 23(b) requires that the plaintiff establish that: (1) there is a risk of inconsistent adjudication, or adjudication of individual class member's claims would substantially impair non-party members' ability to protect their interests; (2) the defendant acted on grounds generally applicable to the class; or (3) common questions of law or fact predominate and class resolution is superior to other available methods. Fed.R.Civ.P. 23(b).

The district court has broad discretion in determining whether to certify a class. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009). For purposes of class certification, the court generally accepts the substantive allegations of the complaint as true. *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 691 F.2d 1335, 1342 (9th Cir. 1982). Moreover, "[a]lthough some inquiry into the substance of a case may be necessary to ascertain satisfaction of the commonality and typicality requirements of Rule 23(a), it is improper to advance a decision on the merits to the class certification stage." *Staton v. Boeing Co.*, 327 F.3d 938, 954 (9th Cir. 2003).

In conducting its review of a class certification motion, "the trial court must conduct a 'rigorous analysis' to determine whether the party seeking certification has met the prerequisites of Rule 23." *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir.), amended, 273 F.3d 1266 (9th Cir. 2001) (citation omitted); *Gen. Tel. Co. of the S.W. v. Falcon*, 457 U.S. 147, 161 (1982).

## III. DISCUSSION

### A. Hershey's motion to deny class certification is not premature.

Plaintiffs assert that Hershey's motion is not ripe for decision because Plaintiffs have not re-noticed their Rule 23 certification motion. (Pls.' Opp., at 2:1-3.) Plaintiffs' position is incorrect, and Hershey was within its rights to file a preemptive motion to deny class certification and to strike the class allegations from the complaint. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939 (9th Cir. 2009).

Generally, it is advisable for the courts to "afford the litigants an opportunity to present evidence as to whether a class action is maintainable." *Vinole*, 571 F.3d at 942 (citing *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977). As an initial matter, Plaintiffs do not cite the need to obtain discovery as a reason to deny Defendant's motion. The only mention of discovery in Plaintiffs' opposition is in its original opposition to the original motion, dated February 3, 2012, and even then the argument is given short shrift. (*See* Dkt. No. 57, at 17:12-15.) As the original motion was briefed more than one year ago, and this case follows *Campanelli*, absent any indication to the contrary, the Court will assume that Plaintiffs and their counsel have since had ample opportunity to conduct discovery regarding class certification.

In light of the above, Hershey's motion to deny class certification is not premature, and the Court declines to deny its motion on that basis.

### B. Ascertainable Class

"As a threshold matter, and apart from the explicit requirements of Rule 23(a), the party seeking class certification must demonstrate that an identifiable and ascertainable class exists." *Mazur v. eBay Inc.*, 257 F.R.D. 563, 567 (N.D. Cal. 2009). "A class definition should be precise, objective, and presently ascertainable." *Id.* at 567 (citing *O'Connor v. Boeing N. Am., Inc.,* 184

3

F.R.D. 311, 319 (C.D.Cal.1998)). The class definition must be sufficiently definite so that its members can be ascertained by reference to objective criteria. *Whiteway v. FedEx Kinko's Office and Print Servs., Inc.*, 2006 WL 2642528, at *3 (N.D. Cal. 2006). "[A] class will be found to exist if the description of the class is definite enough so that it is administratively feasible for the court to ascertain whether an individual is a member." *O'Connor*, 184 F.R.D. at 319.

Plaintiff's Second Amended Complaint ("SAC") defines the proposed class as: "all RSRs who worked for Hershey in California within the limitations period who did not fully and completely resolve these claims in the *Campanelli* matter." (Dkt. No. 238, ¶ 179.) Plaintiffs, however, do not directly address the ascertainability of the class in their Opposition, and instead focus on postponing a determination on class certification. While this omission is potentially fatal, the Court need not make a determination, because the California Class fails for other reasons discussed more fully below. *See* discussion *infra* Part III.D.

### C. Rule 23(a) Requirements

To satisfy Rule 23(a), Plaintiffs must show that there is (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation.

While the exact number of class members need not be alleged, the 64 California RSRs referred in Plaintiffs' opposition generally satisfies the numerosity requirement. *See Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2nd Cir. 1995).

In regards to commonality, the "commonality preconditions of Rule 23(a)(2) are less rigorous than the companion requirements of Rule 23(b)(3)." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) (construe Rule 23(a)(2) permissively, such that "[a]ll questions of fact and law need not be common to satisfy the rule.") The permissive requirements allow Plaintiffs to satisfy Rule 23(a)(2)'s requirement, while failing to meet their burden under Rule 23(b). Under Rule 23(a)(2), that all proposed California Class members are RSRs working in California during the limitations period is sufficient, because the same factual dispute—alleged misclassification as exempt employees—affects the class as a whole. *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 (9th Cir. 2011)(citations omitted).

Under the Rule 23(a)(3)'s permissive standards, "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020 (9th Cir. 1998). Hershey claims that the representative class members are not typical of the putative class members, because "the majority... expressed their lack of interest by affirmatively choosing not to opt-in to *Campanelli*, and thus sets Plaintiffs at odds with the very individuals they purport to represent." (Def.'s Mot., at 12.) First, this argument is misplaced, as it assumes that the act of not opting-in is affirmative, which it is not, as there are many reasons why an individual may not opt-in, including fear of retaliation. Second, this argument is irrelevant, as the representative claims are typical, because all potential class members were working in the same RSR position, and "they need only arise from the same remedial and legal theories" as the class' claim. *See Arnold v. United Artists Theatre Circuit, Inc.*, 158 F.R.D. 439, 449 (N.D. Cal. 1994). For these reasons, the typicality requirement is satisfied.

Hershey does not challenge the adequacy of Plaintiffs' counsel, so, in light of the fact that Plaintiffs' counsel represented the RSRs in *Campanelli*, the Court finds that Plaintiffs' representation is adequate for the purposes of class certification.

Plaintiffs satisfy all requirements to maintain a class action under Rule 23(a).

### D. Rule 23(b) Requirements

In the Court's view, the dispositive issue is whether the California Class may be certified under Rule 23(b)(3). Under Rule 23(b)(3), a class may be certified if the district court "finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

As an initial matter, Plaintiffs did not address Rule 23(b) in their opposition, thereby failing to meet their burden, which is fatal to class certification. Notwithstanding, the fact that Plaintiffs all worked for Hershey in the same position classification and were all allegedly misclassified as exempt employees is not enough to meet the "predominance" requirement of Rule 23(b). *See Vinole*, 571 F.3d at 945-46 (existence of a uniform exemption policy, standing alone, is insufficient).

The predominance test turns on whether "the adjudication of common issues will help achieve judicial economy." *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1189 (9th Cir. 2001)(citing *Valentino v. Carter-Wallace, Inc.,* 97 F.3d 1227, 1234 (9th Cir.1996). Even if Plaintiffs met their burden of satisfying Rule 23 and were granted class certification, this litigation would not resolve all California claims, because the parties have agreed to "stipulate to the dismissal with a tolling agreement of all California state law claims except for California state law overtime claims...." (3/19/13 Joint Letter, Dkt. No. 246, at 1.) Since this class action would not resolve all California state law claims, the predominance test is not satisfied.

There are approximately 53 California RSRs who are not currently plaintiffs in this case, but were sent notices to provide them with an opportunity to opt-in to the FLSA collective action. (Def.'s Re-noticed Mot., at 2:17-21.) Only five of those RSRs who received the notice chose to opt-in. *Id.* While the Court agrees that not filing an opt-in form is passive and not an affirmative choice not to opt-in, the Court is also concerned that allowing an opt-out class action, with the knowledge that many potential class members were non-responsive to the FLSA opt-in collective action, could amount to a deprivation of rights. This is a genuine possibility, because with the tolling of most state law claims, individual class members would be limited to litigating the denial of compensation for meal and rest breaks, and precluded from contesting the issue of overtime, the principal source of damages.

In light of the above, Plaintiffs do not satisfy Rule 23(b)(3), as the adjudication of selected state law claims does not achieve judicial economy and only serves to limit the ability of California RSRs to individually recover damages for those tolled state law claims.

**E. Rule 23 Class Certification and FLSA Collective Action Can Coexist**

Hershey argued that class certification should be denied on the grounds that the FLSA collective action was a superior form of adjudication and that Rule 23 class actions were disfavored in this district under *Leuthold* and its progeny. *See Leuthold v. Destination America*, 224 F.R.D. 464 (N.D. Cal. 2004). Since the re-noticing of Hershey's motion, the Ninth Circuit has found that an FLSA collective can coexist with a Rule 23 class action. *See Busk v. Integrity*

*Staffing Solutions, Inc.*, No. 11-16892, 2013 WL 1490577 (9th Cir. Apr. 12, 2013). Plaintiffs' requested that the Court take judicial notice of this decision. (*See* Dkt. No. 250.)

The Court, however, need not resolve this issue, since Plaintiffs' class certification fails on other grounds.

### IV. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiffs have not met their burden in showing that the Rule 23 requirements have been met, and so Defendant's motion to deny class certification and to strike Plaintiffs' class claims from the Second Amended Complaint is GRANTED.

IT IS SO ORDERED.

Dated: April 23, 2013

_____
KANDIS A. WESTMORE
United States Magistrate Judge

7