IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN ZULEWSKI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE HERSHEY COMPANY, <br><br> Defendant. | Case No.: 4:11-CV-05117-KAW <br><br> ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO APPROVE COLLECTIVE ACTION SETTLEMENT |

On April 30, 2013, Plaintiffs filed a notice of settlement in principle with Defendant The Hershey Company ("Hershey"). (Dkt. No. 254.) On July 18, 2013, Plaintiffs filed an unopposed motion for approval of the collective action settlement of this action, including Plaintiffs' claims under the Fair Labor Standards Act ("FLSA"), the wage and hour laws of California, and California's Unfair Competition Law, Business and Professions Code section 17200 *et seq.*, and Plaintiffs' attorney fees and costs, a request to dismiss this action with prejudice, and to bind all members of the Settlement Collective to the terms of the Settlement Agreement, regardless of whether or not they have signed a Consent to Collective Action Settlement. Supplemental Declarations in support of the unopposed motion were filed on July 25, 2013 and August 1, 2013. The parties have consented to jurisdiction of the Court for all purposes.

This case is not proceeding as a class action under Rule 23, so that Rule's requirement for approval of class action settlements does not apply. However, courts have held that FLSA settlements which are not approved by the Department of Labor should be presented for court approval and that "the District Court may enter a stipulated judgment only after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679

F.2d 1350, 1352-53 (11th Cir. 1982); *Lee v. The Timberland Co.*, C 07-2367 JF, 2008 WL 2492295 (N.D. Cal. June 19, 2008).

Here, the settlement consists of three parts: (1) a substantial payment to each named plaintiff and to each person who has opted in to the action;[1] (2) additional payments to the three plaintiffs who brought FLSA retaliation claims; (3) and the payment of attorneys' fees and costs to the plaintiffs' counsel. Because it is a settlement, the parties have requested that the amounts be kept confidential. Having reviewed the settlement, the Court finds that it is fair and approves it. The Court further finds that the parties are settling a bona fide dispute which is set forth in the pleadings and in the various rulings the Court has made, which rulings are subject to the uncertainty of an appeal.

Having reviewed the settlement amounts, the Court finds that the payments to the 153 plaintiffs are fair and reasonable. Indeed, they are substantial. These payments are the result of arms-length negotiations between Hershey and the 153 plaintiffs who are represented by counsel, and who have all expressly consented to the settlement.

Finally, the Court finds that the amount of attorney's fees and costs to be fair and reasonable given the substantial effort expended by plaintiffs' counsel and the result they achieved. For the foregoing reasons IT IS HEREBY ORDERED:

1. The Court certifies the Settlement Collective defined in Paragraphs 14 and 18 of the Joint Stipulation of Settlement and Collective Action Release ("Settlement Stipulation"), approves Thomas J. Brandi and Brian J. Malloy, and the Brandi Law Firm, and David C. Feola and Hoban & Feola, LLC, as Collective Action Counsel, and approves the Garden City Group as Claims Administrator.

2. Adequate notice of the Settlement Stipulation, the material terms thereof, and the fact that this hearing was pending, has been provided to the Settlement Collective by Collective Action Counsel, fully satisfying the requirements of due process.

3. Approval of the Settlement Stipulation, including the releases contained therein, the payments to Plaintiffs and Collective Action Counsel's attorney fees and costs, is **GRANTED**.

---

[1] Including two individuals who sought to join the case in February and March 2013 prior to the settlement being reached.

4. All 153 members of the Settlement Collective are bound to the terms of the Settlement Agreement, regardless of whether or not they have signed a Consent to Collective Action Settlement. Specifically, as of the date of this Approval Order and the Effective Date as set forth in the Settlement Stipulation, all members of the Settlement Collective — including the Named Plaintiffs — are deemed to have released, discharged, and covenanted not to sue The Hershey Company, and all of its respective past and present employees, directors, officers, attorneys, representatives, insurers, agents, parents, subsidiaries, affiliates, related companies, predecessors, successors, lessees, and assigns, and any entity that could be jointly liable with any of these (individually and collectively "the Hershey Releasees") with respect to and from any and all claims, demands, actions, suits, causes of action, disputed wages, obligations, attorneys' fees, damages, penalties, interest, judgments, orders, and liabilities of whatever kind or nature in law, equity or otherwise, whether now known or unknown, suspected or unsuspected, and whether or not concealed or hidden, which arose on or before June 12, 2013 and arose out of or are in any way connected with or related to: (i) violations or alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.; (ii) violations or alleged violations of the California Labor Code, including but not limited to sections 203, 226, 226.7, 510, 515.5, 512, 551, 552, 1194, 1198, and/or 2802; (iii) violations or alleged violations of California Business & Professions Code §§ 17200 et seq.; (iv) violations or alleged violations of the provisions of Industrial Welfare Commission Order No. 4-2001 (or any other applicable order of the Industrial Welfare Commission), including but not limited to sections 1, 3, 4, 7, 11, 12, 17, and/or 20; (v) any other allegation contained in, related to, subsumed by, or which could have been alleged in, the current and/or prior complaints in the *Zulewski* Action; (vi) any and all fines, penalties, wages, premium wages, interest, restitution, liquidated damages, punitive damages, declaratory relief, and/or injunctive relief allegedly due and owing by virtue of the allegations referenced in Paragraph 45 of the Settlement Stipulation; and (vii) claims for attorneys' fees and/or attorneys' costs/expenses allegedly due and owing by virtue of the allegations referenced in Paragraph 45 of the Settlement Stipulation (collectively, the "Released Claims"). This release of the Released Claims is general and comprehensive in nature and includes all claims and potential claims against the Hershey Releasees which were brought by the *Zulewksi* Action, arise from and/or relate to the claims brought in the *Zulewski* Action, or could have been raised in the *Zulewksi* Action, to the maximum extent permitted at law; provided, however, that this release does not

apply to claims not referenced in this Paragraph 45 of the Settlement Stipulation, including but not limited to claims arising from discrimination. All members of the Settlement Collective, including Named Plaintiffs, who worked for Hershey in California as RSRs during the Collective Action Period by this Order have waived any and all rights or benefits conferred on them by the provisions of Section 1542 of the California Civil Code. As of the date of this Order and the Effective Date, all members of the Settlement Collective are hereby forever barred and enjoined from prosecuting any of the Released Claims against any of the Hershey Releasees.

5. The Court directs the parties and the Claims Administrator to effectuate the Settlement Stipulation's terms as set forth in the Settlement Stipulation.

6. Pursuant to Paragraph 51 of the Settlement Stipulation, neither the Settlement Stipulation nor this Approval Order nor any of the terms in either constitute an admission by Hershey, or any of the other Hershey Releasees, of liability.

7. Pursuant to Paragraph 26 of the Settlement Stipulation, if the Settlement does not become final and effective in accordance with the terms set forth in the Settlement Stipulation, this Approval Order, and all orders entered in connection herewith shall be vacated and shall have no further force or effect.

8. Pursuant to Paragraph 60(a) of the Settlement Stipulation, Collective Action Counsel and the members of the Settlement Collective shall keep the fact and terms of the Settlement Stipulation, including but not limited to the dollar value of the Gross Settlement Value, Net Settlement Value, Retaliation Payments, Member Payments, Per-day Payment, and attorneys' fees and costs (both requested and received), strictly confidential and, unless required by law, shall not disclose said information to any other person or entity, provided, however, that they may disclose the values of any payments that they personally received (or, in the case of Collective Action Counsel, that their firms received) to their legal advisors, financial advisors, financial institutions (for purposes of seeking loans), and members of their immediate family, each of whom shall also be advised of this confidentiality obligation. In the event Hershey proves by a preponderance of the evidence that a violation of any of the foregoing commitments by any member of the Settlement Collective (or his or her legal advisors, financial advisors, financial institutions or family members) has occurred, Hershey shall be entitled to liquidated damages in the amount of 33% of the payment to such member of the Settlement Collective, without affecting the legality of the Settlement

Stipulation, including the releases contained in its Paragraphs 45-46.  If Hershey brings a claim for breach of any of the provisions of Paragraph 60 of the Settlement Stipulation, the party that substantially prevails on that claim will be entitled to receive an award of its reasonable attorneys' fees and costs from the non-prevailing party.

9. This action, *Zulewski, et al. v. The Hershey Company*, Case No.: 4:11-CV-05117-KAW, is hereby DISMISSED WITH PREJUDICE and on the merits.

10. This Order shall not be cited in support of certification, in opposition to decertification, or for any other purpose in litigation adverse to Hershey other than to enforce the terms of the Order.

IT IS SO ORDERED.

Date: August 16, 2013

Hon. Kandis Westmore
United States Magistrate Judge